**Rhonda Sue WESLEY, Plaintiff,**

v.

**DON STEIN BUICK, INC.
et al., Defendants.**

**No. Civ. A. 97–2271–JWL.**

United States District Court,
D. Kansas.

Nov. 18, 1997.

Rhonda Sue Wesley, Kansas City, MO, pro se.

Lawrence L. Ferree, III, Kirk Thomas Ridgway, Ferree, Bunn & O'Grady, Chtd., Overland Park, KS, for Don Stein Buick, Inc., Don Stein, Jerry Kaplan, Multiple Unnamed Sales Agents of Don Stein Buick–Isuzu, Inc., American Isuzu Motors, Inc.

Robert J. Harrop, David C. Vogel, Lathrop & Gage L.C., Kansas City, MO, for General Motors Corp.

Michael R. Santos, City of Overland Park, Legal Dept., Overland Park, KS, Daniel B. Denk, Michael M. Shultz, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for T.A. Stovall, One Unnamed Desk Clerk, John M. Douglas, City of Overland Park Police Dept., City of Overland Park, KS.

Janice M. Karlin, Office of U.S. Attorney, Kansas City, KS, for Frederick S. Hillman, Special Agent of F.B.I., William M. Chornyak, Supervisory Special Agent, of F.B.I., F.B.I., Louis J. Freeh, Director of F.B.I., U.S. Postal Service, Marvin Runyon, U.S.P.S, Postmaster General.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has before it a Motion to Disclose Status (doc. 70) and a Motion for Order of Disclosure (doc. 72), both filed by some of the defendants. They ask the court to compel the plaintiff *pro se* to disclose the following information about herself: whether she is or has been a licensed attorney in any jurisdiction within the United States or otherwise legally trained; and whether she is receiving legal assistance in the drafting of her pleadings or in the presentation of her claims. Plaintiff opposes both motions.

In support of their motions, defendants assert that plaintiff in opposing their own pending motions to dismiss, has requested the court to construe her pleadings liberally and with some indulgence in light of her status as *a pro se* litigant. They imply that the court should not apply such liberality or indulgence, if indeed plaintiff may herself be an attorney or may have legal training or if she has received the assistance of a lawyer in preparing her pleadings and prosecuting this case. Defendants have noted documents upon which plaintiff has added to her name the designation "Esq."

Opposing the motions, plaintiff recites no substantive reason against disclosure of the requested information. She instead eschews any responsibility to provide it. She proposes to "proffer this advice to the defendants. If you wish to know if a party is an attorney, do the research." Reply Opposition and Memorandum in Opposition to Motion to Disclose Status (doc. 76), at 2. Plaintiff then recites her own research to reveal the dates defense counsel were admitted to the bars of Kansas or Missouri. · She would thus have the motions denied "for the reasons that the defendants seek disclosure of information that is readily available in public record." *Id.*

The court infers from the latter assertion that plaintiff indeed is an attorney. A public record in the form of the roster of attorneys admitted to practice before a court of general jurisdiction in Kansas or Missouri makes such information readily available. The complaint indicates plaintiff is domiciled in Missouri. Consequently, her status as an attorney should be "readily available" from examining the records of state and federal courts of Missouri and perhaps Kansas. Were plaintiff not an attorney, such negative fact would hardly be "readily available" from any one public record. To determine it would require defendants to review the rosters or registers of many courts of general jurisdiction, If plaintiff is obtaining legal assistance from an attorney, moreover, that fact is hardly available from a public record.

As a legal basis for their request, defendants apparently want the court to exercise its inherent discretion in managing litigation before it. They otherwise cite no specific authority for an order to compel plaintiff to disclose the requested information about herself and the possibility of an unidentified attorney who may be assisting her. Fed. R.Civ.P. 26 *et seq*, of course, provide the many possibilities for discovery of relevant information without engaging the court, at least at the outset. None of the parties has addressed whether or not the requested information may be within the scope of disclosures or discovery authorized by the Rules.

Defendants cite cases, however, which express both legal and ethical concerns about the practice of "ghostwriting." This refers to the conduct of an attorney who prepares pleadings and provides substantial legal assistance to a *pro se* litigant, but does not enter appearance or otherwise identify himself or herself in the litigation. Such practice creates a legal concern. Absent information to the contrary, courts generally assume that a pro se litigant has neither substantial legal training nor the assistance of an attorney. Accordingly, courts have often accorded to such litigants some liberality and leniency. *Johnson v. Bd. of County Com'rs County of Fremont*, 868 F.Supp. 1226 (D.Colo.1994) describes concerns about the interpretation of pleadings, as well as the impact of Fed. R.Civ.P. 11:

> It is elementary that pleadings filed *pro se* are to be interpreted liberally. (Cited case omitted.) Cheek's pleadings seemingly filed *pro se* but drafted by an attorney would give him the unwarranted advantage

of having a liberal pleading standard applied whilst holding the plaintiffs to a more demanding scrutiny. Moreover, such undisclosed participation by a lawyer that permits a litigant falsely to appear as being without professional assistance would permeate the proceedings. The *pro se* litigant would be granted greater latitude as a matter of judicial discretion in hearings and trials. The entire process would be skewed to the distinct disadvantage of the nonoffending party.

Moreover, ghost-writing has been condemned as a deliberate evasion of the responsibilities imposed on counsel by Rule 11, Fed.R.Civ.P.

> What we fear is that in some cases actual members of the bar represent petitioners, informally or otherwise, and prepare briefs for them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar, typified by FED.R.CIV.P.11, but which exists in all cases, criminal as well as civil, of representing to the court that there is good ground to support the assertions made. We cannot approve of such a practice. If a brief is prepared in any substantial part by a member of the bar, it must be signed by him. We reserve the right, where a brief gives occasion to believe that the petitioner has had some legal assistance, to require such signature, if such, indeed, is the fact.

(Cited cases omitted.) Such an evasion of the obligations imposed upon counsel by statute, code and rule is *ipso facto* lacking in candor.

*Id.* at 1231, 1232.

The practice of "ghostwriting" may also involve violations of professional ethics and contempt of court. *Johnson* also addresses that concern:

> The ABA Standing Committee on Ethics and Professional Responsibility has stated that an undisclosed counsel who renders extensive assistance to *a pro se* litigant is involved in the litigant's misrepresentation contrary to Model Code of Professional Responsibility DR 1–102(A)(4), which provides: "A lawyer shall not: ... (4) Engage

in conduct involving dishonesty, fraud, deceit or misrepresentation." ABA Comm. On Ethics and Professional Responsibility, Informal Op. 1414 (1978). Similarly, such conduct will not be countenanced because it is contrary to Colorado Rule of Professional Conduct 1.2(d) which provides "[a] lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent."

> Having a litigant appear to be *pro se* when in truth an attorney is authoring pleadings and necessarily guiding the course of the litigation with an unseen hand is ingenuous to say the least; it is far below the level of candor which must be met by the members of the bar.

*Id* at 1232. D. Kan. Rule 83.6.1 adopts the Model Rules of Professional Conduct for attorneys who practice before this court. Rule 1.2(d) of the Model Rules contains the same provision as Colorado Rule of Professional Conduct 1.2(d), cited in *Johnson.*

Another case warns of the risks of violating professional ethics and Rule 11 which ghost-writing by an attorney may create:

> Notably, the true author of plaintiff's putatively *pro se* pleadings and supporting documents appears to have had formal legal training. Ghost-writing by an attorney of a *"pro se"* plaintiff's pleadings has been condemned as both unethical and a deliberate evasion of the responsibilities imposed on attorneys. (Cited authorities omitted.) Thus, if in fact an attorney has ghost-written plaintiff's pleadings in the instant case, this opinion serves as a warning to that attorney that this action may be both unethical and contemptuous. *Johnson,* 868 F.Supp. at 1232.

*Clarke v. U.S.,* 955 F.Supp. 593, 598 (E.D.Va. 1997).

In opposing the pending motions to dismiss, plaintiff has suggested that the court consider her *status pro se* in construing them and her pleadings. She thus seeks the consideration which the court may well accord to a party who is not an attorney and has none to assist her. The court has reviewed both her pleadings and the other documents filed in this case. They reflect a sophisticated

level of legal training or experience on the part of whoever drafted them. They are reasonably well organized and articulate, reflect substantial legal research and analysis, and for the most part address the relevant issues. They do not reflect a confusion about the case or its issues. In opposing the motions to compel the disclosures plaintiff warns, "The obvious revelation to these defendants should be that the plaintiff knows how to litigate." Reply Opposition and Memorandum in Opposition to Motion to Disclose Status, Doc. 76 at 4.

Plaintiff argues that she has a legal fight to proceed pro se, whether or not she is an attorney. She also argues against any "unlawful intrusion into privileged information." Id at 3. The court has no quarrel or disagreement with these propositions. But they miss the point. The court does not propose to deny plaintiff the right to proceed *pro se.* Nor does it propose the invasion of privileged information. In this instance, however, plaintiff has sought to invoke the leniency of the court when she may not have a right to assert her *pro se* status for that purpose. Both the court and the parties, moreover, have a legitimate concern that an attorney who substantially participates in a case at least be identified and recognize the possibility that he or she may be required to enter appearance as counsel of record and thereby accept accountability for his or her participation, pursuant to Rule 11 and the rules of professional conduct applicable to attorneys. The grounds urged by plaintiff to deny the requested information do not trump the valid reasons for providing it on the record.

For all the foregoing reasons the court finds that the motions to disclose the requested information should be sustained. Both the pleadings and the other submissions filed by plaintiff reflect a likelihood either that she herself is an attorney or that an attorney is serving as a ghost-writer. She has requested, on the other hand, that the court treat her as a conventional *pro se* party. She should clarify the record. Within 15 days of the date of this Memorandum and Order plaintiff shall serve and file with the clerk of the court a memorandum which shall state the following information: (1) whether or not she is or has been licensed to practice law in any jurisdiction in the United States of America; (2) whether or not she has had legal training; (3) and whether or not she has received or is receiving substantial legal assistance in the drafting of her pleadings or in the presentation of her claims in this lawsuit.

IT IS SO ORDERED.