**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHAD WASHINGTON,

　　　　Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

　　　　Respondent-Appellee.

No. 99-3383
(D.C. No. 96-CR-10060-01-JTM)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.　See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).　The case is

therefore ordered submitted without oral argument.

---

\*　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.　The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Chad Washington appeals the district court's denial of his motion for appointment of counsel and for an extension of time in which to file a federal habeas petition pursuant to 28 U.S.C. § 2255. We affirm.

Defendant was convicted and sentenced in federal court in June 1997. This court affirmed his conviction on November 4, 1998. Pursuant to the recently enacted Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), defendant had one year from the time his conviction became final in which to file a motion to vacate, set aside or correct his sentence. See 28 U.S.C. § 2255. As he did not petition for certiorari review with the United States Supreme Court after his direct appeal, his conviction became final when the ninety-day period for filing a petition expired. See United States v. Burch, 202 F.3d 1274, 1276, 1279 (10th Cir. 2000); Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir. 1999), cert. denied, 120 S. Ct. 808 (2000); see also Caspari v. Bohlen, 510 U.S. 383, 390-91 (1994). Therefore, defendant had until February 2, 2000, to file his § 2255 motion with the district court.

On October 18, 1999, defendant filed a motion for an appointment of counsel and/or an extension of the time in which to file his 2255 motion. On November 18, 1999, the district court denied defendant's motion. Defendant has appealed that decision. We review for an abuse of discretion both the denial of appointed counsel in a habeas case, see Swazo v. Wyoming Dep't of Corrections

State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994) and the denial of a request for an extension of time, see Ellis v. University of Kan. Med. Ctr., 163 F.3d 1186, 1193 (10th Cir. 1998).

There is no constitutional right to counsel beyond the direct appeal of a criminal conviction. See Swazo, 23 F.3d at 333. The district court has discretion, however, to appoint counsel in a habeas case when "the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Here, defendant's motion did not demonstrate a single ground for his habeas petition, arguing only in conclusory terms that his case is complex, that he did not have a good understanding of the law, and that he would be better served with an attorney. His brief on appeal, which is clearly written by someone with formal legal training, contains the same conclusory arguments.[1] The district court was well within its discretion to refuse to appoint counsel for defendant.

So too, the district court properly exercised its discretion in denying defendant's request for an extension of the AEDPA statute of limitations. This is not, as argued on appeal, a simple request for a continuance. Congress has

---

[1] We note that an attorney who "ghost writes" a brief for a pro se litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court. See, e.g., Wesley v. Don Stein Buick, Inc., 987 F. Supp. 884, 885-87 (D. Kan. 1997); Johnson v. Board of County Comm'rs for County of Fremont, 868 F. Supp. 1226, 1231-32 (D. Colo. 1994), reversed in part on other grounds, 85 F.3d 489 (10th Cir. 1996).

expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process. See, e.g., United States v. Duffus, 174 F.3d 333, 337-38 (3rd Cir.) (approving denial of motion to amend habeas petition to add new claims because

> it would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final unless any of the other circumstances in 28 U.S.C. § 2255 are applicable. . . . We reiterate that if the court permitted the amendment it would have acted contrary to the policy of the AEDPA, which requires courts to measure the running of the limitations periods from the date on which the judgment of conviction becomes final.),

cert. denied, 120 S. Ct. 163 (1999). Such judicial intervention is justified only under "extraordinary" or "rare and exceptional" circumstances. See United States v. Willis, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999).

Defendant has not demonstrated such circumstances. Although he argues that he was unable to obtain his transcripts, he presented no evidence demonstrating his efforts to obtain them or the district court's inability to provide them. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Nor has he shown due diligence in pursuing his habeas claims, without explaining why he waited almost a full year after his appeal was denied to begin the process of preparing a

§ 2255 motion.  <u>See</u> <u>id.</u>  Accordingly, the district court did not abuse its discretion in denying his motion for an extension of time.

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Mary Beck Briscoe
Circuit Judge