**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOAN J. PATTON,

        Plaintiff-Appellant,

v.

ROBERT WEST; SKIP TANDY;
RETA TRIMBLE; MARK TROXEL;
JOHN CHRISTOFFERSON; CHUCK
HUGO; JAMES GUYNN; JOHN
ALLEN; MING ALLEN; KELLY
PETERSON; CITY OF PROVO,

        Defendants-Appellees.

No. 07-4154
(D.C. No. 2:06-CV-00461-PGC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

      Plaintiff-appellant, Joan J. Patton, appeals the district court's dismissal of

her complaint for failure to state a claim upon which relief can be granted

pursuant to Fed. R. Civ. P. 12(b)(6), and its further denial of her requests for a

---

[*]       After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

preliminary injunction and for leave to amend her complaint. We affirm the district court for substantially the reasons stated by that court.

Plaintiff, proceeding pro se both in the district court and on appeal, brought claims against Provo City, Utah, several of its employees, individuals John and Ming Allen, John Does 1-8, and the court-appointed attorney guardian ad litem for her grandchildren.[1] Plaintiff's complaint claimed entitlement to damages under 42 U.S.C. §§ 1983, 1985, and 1986, for violation of her rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments and included claims under the Americans with Disabilities Act and various other constitutional provisions. Plaintiff also asked for a declaratory judgment and for injunctive relief under 28 U.S.C. §§ 2201 and 2202. After defendants filed their respective motions to dismiss, plaintiff moved for leave to amend her first amended complaint and for an injunction against the guardian ad litem under Fed. R. Civ. P. 65(a).

Plaintiff's claims arise from many years of confrontation with Provo City over the condition of her residential property and include claims that defendants

---

[1]     Contrary to plaintiff's self-proclaimed "pro se" status, her briefs, both to this court and to the district court, with the possible exception of her opening brief on appeal, are clearly written by someone with formal legal training. We note that an attorney who "ghost writes" a brief for a pro se litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court. *See, e.g., Wesley v. Don Stein Buick, Inc.*, 987 F. Supp. 884, 885-87 (D. Kan. 1997); *Johnson v. Bd. of County Comm'rs*, 868 F. Supp. 1226, 1231-32 (D. Colo. 1994), *rev'd in part on other grounds*, 85 F.3d 489 (10th Cir. 1996).

retaliated against her because she brought a civil lawsuit against them, that Provo City's zoning laws are not uniformly enforced, that defendants engaged in a conspiracy with the Allen and John Doe defendants to deprive her of her rights and her property, and that she was subject to many unreasonable searches and seizures.

The district court adopted the report and recommendation of the magistrate judge who concluded that the bulk of plaintiff's allegations and claims were conclusory and/or failed to state a claim for relief. We agree.

> We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim. In doing so, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. In addition, in determining whether to grant a motion to dismiss for failure to state a claim, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.

*Pace v. Swerdlow*, No. 06-4157, 2008 WL 570805, at \*5 (10th Cir. Mar. 4, 2008) (citations, quotations, and brackets omitted).

Specifically with regard to plaintiff's conspiracy claims, our review is aided by the recent Supreme Court decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). *Twombly* involved an attempt by the plaintiffs to bring an antitrust conspiracy claim under section 1 of the Sherman Act. The Court held "that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 1965. The plaintiffs' claim in

*Twombly* failed because the actions they complained of were not "placed in a context that raises a suggestion of a preceding agreement." *Id.* at 1966. The challenged action could just as easily have been evidence of independent conduct free from any illegal agreement. *Id.*

So too here. Plaintiff's allegations of conspiracy fail to raise any suggestion of a preceding agreement among defendants to deprive her of her rights. She advanced no allegation "plausibly suggesting" an improper agreement. *See id.* The actions plaintiff complains of could just as easily be the result of defendants' many rightful attempts over the years to enforce Provo City's zoning laws. Again, as in *Twombly*, plaintiff's allegations of conspiracy "get[] the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*; *see also Robbins v. Oklahoma*, No. 07-7021, 2008 WL 747132, at *3 (10th Cir. Mar. 21, 2008) (applying *Twombly* in a § 1983 setting and holding that "if [allegations in a complaint] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" (quoting *Twombly*, 127 S. Ct. at 1974)).

Plaintiff objected to what she saw as the magistrate judge's failure to address her claim that she had been forcibly evicted from her home for a period of four and one half years without due process. The district court held that the magistrate judge's treatment of at least ten different claims against the City

-4-

defendants implicitly encompassed the eviction claim.  While in other circumstances a court's failure to specifically address a claim might warrant remand, we are free on appeal to affirm for any reason adequately supported by the record, *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1152 (10th Cir. 2007), and we find plaintiff's allegations about the eviction, like her allegations of conspiracy, to be too conclusory to state a claim for relief.

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge