COMMITTEE ON PROFESSIONAL
ETHICS AND CONDUCT OF the
IOWA STATE BAR ASSOCIATION,
Complainant,

v.

Allen H. RAUCH, Respondent.

No. 87–1406.

Supreme Court of Iowa.

Jan. 20, 1988.

James E. Gritzner, of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., and Norman G. Bastemeyer, Des Moines, for complainant.

Patrick W. Brick, of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines, for respondent.

ANDREASEN, Justice.

The Grievance Commission recommended that respondent Allen H. Rauch be reprimanded for conduct that violated Iowa Code of Professional Responsibility for Lawyers EC 6–1 (failing to act with competence and proper care in representing clients); DR 6–101(A)(2) (failing to prepare adequately for legal matter); and DR 6–101(A)(3) (neglecting a legal matter entrusted to him). We have reviewed the record de novo and agree with the Commission's findings and recommendation. We now enter an order of reprimand.

The violations with which Allen H. Rauch was charged arose from his handling of a personal injury claim for Jim and Betty Dumpert. Betty Dumpert was seriously injured in a two-car accident in August of 1979. The respondent was employed as attorney by the Dumperts in September of 1979. He filed an action for them against Polk County on February 25, 1980. Although he conducted a preliminary investigation as to the cause of the auto collision, he did not obtain his client's medical records, consult with her treating physicians, or secure documentation of the client's loss of income due to the accident. Although he attempted to secure a settlement offer from the defendant, the respondent did little to prepare for trial. He consented to continuances of the clients' case without his clients' consent or knowledge. In October of 1984, he secured a signed court order that continued the trial. The order provided the case would be continued to a date certain and left blank the date for trial. The respondent did not promptly secure a trial date from the court administrator and he failed to file the order of continuance. In March of 1985, a dismissal of the case for want of prosecution pursuant to Iowa Rule of Civil Procedure 215.1 was docketed by the clerk of court. It was not until June of 1985 that the respondent discovered the unfiled order in his office file. He then secured court approval for late filing of the order, obtained a new trial date from the court administrator, and filed the signed and completed court order with the clerk of court. Throughout the period the respondent was employed as Dumperts' attorney, he did not keep his clients informed about the case and often failed to respond to their inquiries about the status of their case.

We have reviewed de novo the record made before the Commission. We have

applied the standards governing review by this court in lawyer disciplinary proceedings. *See Committee on Professional Ethics & Conduct v. Gardalen,* 414 N.W.2d 124, 125 (Iowa 1987). We find by a convincing preponderance of the evidence the respondent failed to handle the Dumperts' case with competence and proper care. He failed to adequately prepare for trial and neglected their case.

The respondent's conduct violated the Iowa Code of Professional Responsibility for Lawyers EC 6–1; DR 6–101(A)(2); and DR 6–101(A)(3).

The Grievance Commission found the respondent was ordinarily prompt and attentive to legal matters. He has been engaged in the practice of law in Iowa since 1970 and this was his first disciplinary complaint. The respondent did not receive any money or property from his client. We find the respondent's lack of competence and care in handling the Dumperts' case was an isolated incident which was inconsistent with his normal practice. We have considered this factor in other disciplinary proceedings. *See Committee on Professional Ethics & Conduct v. Winkel,* 415 N.W.2d 601 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Larsen,* 407 N.W.2d 601, 602 (Iowa 1987). The Grievance Commission recommended that the respondent be disciplined by a reprimand. We concur with that recommendation and hereby reprimand respondent Allen H. Rauch for his conduct.

It is further ordered that the costs of this action shall be assessed against the respondent in accordance with Iowa Supreme Court Rule 118.22.

ATTORNEY REPRIMANDED.

All Justices concur except LAVORATO, J., who takes no part.