The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Allan H. RAUCH, Respondent.

No. 92–282.

Supreme Court of Iowa.

June 17, 1992.

Rehearing Denied July 29, 1992.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Allan H. Rauch, Des Moines, and Patrick W. Brick, Des Moines, for respondent.

Considered McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

PER CURIAM.

This opinion is the result of our review, pursuant to Supreme Court Rule 118.11, of a Grievance Commission recommendation that respondent attorney, Allan H. Rauch, be suspended from practice. The case was heard by the Twenty–Sixth Division of the Grievance Commission (the commission).

The commission found on very persuasive proof that respondent, who was executor and residuary beneficiary of the estate of his uncle, delayed funding a testamentary trust established under his uncle's will for nearly seven years. The gift in trust was to respondent's son in the amount of $5000. Respondent, with the consent of the child's mother, respondent's former wife, expended some or all of this money for his personal use. He ultimately repaid the money to the estate and funded the trust in the amount of $4950 (the bequest less inheritance tax plus some interest).

The commission also found, based on very convincing proof, that respondent:

(1) had unduly delayed the closing of his uncle's estate and failed to pay inheritance taxes when due;

(2) took a fee in a conservatorship he was handling without court approval (The fee was later approved by the court.);

(3) kept his client security trust account in a disorganized manner;

(4) lost his temper in the chambers of a district judge, slammed a book on the floor, and used obscene language in criticizing the judge's refusal to grant a continuance; and

(5) accepted a $3000 retainer to handle a private adoption, and after conditional placement of the child with the adoptive parents, took no action for nearly eleven months to terminate parental rights or finalize the adoption (The clients eventually had to seek the assistance of another lawyer to conclude the matter.).

We are satisfied that the commission's findings of fact with respect to the alleged disciplinary violations are correct. In addition, we uphold the commission's conclusions as to respondent's violation of the following disciplinary rules: DR 1–102(A)(5) (misappropriation of testamentary trust funds); DR 1–102(A)(5), (6) (collection of a fee without court approval); DR 9–103(A) (maintenance of disorganized client trust accounts). In addition, we believe

that respondent's conduct toward a district judge was a violation of DR 7–106(C)(6) (undignified or discourteous conduct toward a tribunal) and that his mishandling of an adoption proceeding for clients violated DR 6–101(A)(3) (neglecting a legal matter entrusted to attorney).

In regard to its recommendation concerning the discipline to be imposed upon respondent, the commission discussed at length his misappropriation of funds that were impressed with a trust for the benefit of respondent's son. Although the commission found this violation to be "a very serious matter," it concluded that, because respondent was himself the residuary beneficiary of the estate and that he secured permission of the child's guardian to delay funding the trust, the violation did not warrant the extreme sanction of disbarment.[1] The commission recommended that respondent's license be suspended without the possibility of reinstatement for three months.

In reviewing the commission's recommendation concerning the appropriate sanction, we will accept its conclusions that respondent's violation of our disciplinary rules, although extremely serious, does not warrant a revocation of his license. We believe, however, that the mishandling of his son's trust fund was alone deserving of a more severe sanction than that which was recommended. When his other substantial breaches of professional responsibility are considered, the inadequacy of the recommended sanction is even more apparent. We believe that respondent's conduct calls for a suspension from practice of not less than one year.

For the reasons stated, respondent Allan H. Rauch's license to practice law in this state is suspended indefinitely with no possibility of reinstatement for one year. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct. R. 118.-12. Upon application for reinstatement, respondent shall have the burden to prove

that he has not practiced law during the period of suspension and that he has met the requirements for client notification and disengagement set forth in court rules 118.13 and 118.18. The costs of this disciplinary proceeding are assessed to respondent. It is so ordered.

LICENSE SUSPENDED.

---

1. We have recognized that ordinarily misappropriation of client funds or trust funds warrants revocation of the offender's license. *Committee on Professional Ethics & Conduct v. Thomas*, 392 N.W.2d 150, 152 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Pappas*, 313 N.W.2d 532, 534 (Iowa 1981); *Committee on Professional Ethics & Conduct v. Rowe*, 225 N.W.2d 103, 104 (Iowa 1975).