**In the Matter of Sylvia Anne Selig MAREK.**

**No. 49S00–9206–DI–445.**

Supreme Court of Indiana.

Feb. 24, 1993.

Duge Butler, Jr., Indianapolis, for respondent.

Donald Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Comm'n.

PER CURIAM.

The Respondent, Sylvia Anne Selig Marek, was charged in a Verified Complaint for Disciplinary Action with violations of Rules 3.5(a), 3.5(b) and 8.4(a) of the *Rules of Professional Conduct.* Respondent and the Disciplinary Commission entered into a conditional agreement stating that the Respondent engaged in misconduct and that a public reprimand from this Court was the appropriate discipline for such misconduct.

We find, as the parties to this proceeding agreed, that in 1989 Respondent represented the husband in a dissolution proceeding in the Marion Superior Court, Marion County, Indiana. Both parties to the dissolution desired custody of their minor daughter, and that issue was litigated during a four day hearing. By agreement of both counsel, allegations regarding sexual misconduct by either party to the dissolution were to be excluded from trial. However, the opposing counsel incorporated into his proposed findings certain allegations of inappropriate conduct against Respondent's client which conduct had not been mentioned during the trial. Respondent submitted her proposed findings of fact to which she attached a hand-written note from herself to the judge. She did not serve opposing counsel with a copy of the note or in any way make him aware of the existence of the note.

In her note to the judge, Respondent discussed allegations of sexual misconduct by her client's former spouse and stated that she had photographs substantiating the allegations. Respondent's purpose was to inform the judge that if he considered the allegations by opposing counsel in determining the custody issue, Respondent wished to rebut those allegations with documentation. Respondent also expressed her opinion that the sexual habits of the parents should not have a bearing on the custody issued.

In mitigation, the Disciplinary Commission agrees with the Respondent that the general context of the note was to request or suggest the need for an additional hearing to eliminate any confusion brought about by opposing counsel's allegations. When the judge brought to Respondent's attention the impropriety of the communication, Respondent assumed responsibility, was remorseful, and cooperated fully with the Disciplinary Commission. Respondent freely concedes that writing the note was

impulsive, poorly reasoned, and a grave lapse in professional judgment.

We do not believe the facts set out in the conditional agreement lead to a conclusion that Respondent sought to improperly influence the judge's decision in violation of Rule 3.5(a). However, the act of communicating evidence and argument to a judge without affording opposing counsel the benefit of that information and the opportunity to respond is unethical conduct, whatever the motive. We concur with the parties' agreement that the foregoing findings establish that Respondent violated Rule 3.5(b) of the *Rules of Professional Conduct* which states that a lawyer shall not communicate *ex parte* with a judge except as permitted by law.

Improper *ex parte* communications undermine our adversarial system, which relies so heavily on fair advocacy and an impartial judge. Respondent's conduct threatened not only the fairness of the resolution at hand, but the reputation of the judiciary and the bar, and the integrity of our system of justice. The parties have agreed to a sanction of public reprimand. A reprimand in this instance appropriately addresses our censure of Respondent's conduct with due regard for her motive, the circumstances surrounding the incident and her contrition.

We accept the agreement of the parties. Accordingly, the Respondent, Sylvia Anne Selig Marek, is reprimanded and admonished. Costs are assessed against Respondent.