COMMITTEE ON PROFESSIONAL ETH-
ICS AND CONDUCT OF the IOWA
STATE BAR ASSOCIATION, Complain-
ant,

v.

Allan R. RAUCH, Respondent.

No. 93–1146.

Supreme Court of Iowa.

Nov. 24, 1993.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

John R. Ward, Des Moines, for respondent.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

LARSON, Justice.

The law license of the respondent, Allan R. Rauch, was suspended by this court in an opinion filed on June 17, 1992, for a minimum of one year. *See Committee on Professional Ethics & Conduct v. Rauch*, 486 N.W.2d 39 (Iowa 1992). Our Grievance Commission now recommends that an additional month of suspension be added because of the respondent's failure to notify his clients and opposing counsel of his 1992 suspension as required by court rule 118.18.

That rule provides, in part:

In every case in which a respondent is ordered to be disbarred or suspended, the respondent shall:

  *a.* Within fifteen days notify his or her clients in writing, in all pending matters to seek legal advice elsewhere, calling attention to any urgency in seeking the substitution of another lawyer;

  *b.* Within fifteen days deliver to all clients being represented in pending matters any papers or other property to which they are entitled or notify them and any co-counsel of a suitable time and place where the papers and other property may be obtained, calling attention to any urgency for obtaining the papers or other property;

  *c.* Within thirty days refund any part of any fees paid in advance that have not been earned;

  *d.* Within fifteen days notify opposing counsel in pending litigation or, in the absence of such counsel, the adverse parties, of the respondent's disbarment or suspension and consequent disqualification to act as a lawyer after the effective date of such discipline or transfer to disability inactive status;

  *e.* Within fifteen days file with the court, agency, or tribunal before which the litigation is pending a copy of the notice to opposing counsel or adverse parties;

  *f.* Keep and maintain records of the steps taken to accomplish the foregoing. . . .

The present disciplinary proceeding is limited to the respondent's failure to comply with this rule with respect to his client Wanda Clover. On April 17, 1992, Clover retained Rauch, who had represented her in a dissolution case, to attempt to obtain a modification of the decree. On June 16, 1992, one day before he was suspended by this court, Rauch filed the modification petition. On July 1, 1992, Clover met with Rauch and gave him a forty-dollar check to cover the expense of service of process on her ex-husband. She also paid Rauch fifty dollars for attorney fees, although the record is not clear whether these fees were for past services or for those to be incurred in the modification proceedings to follow. At any rate, the respondent did not inform Clover at that time that he had been suspended.

Sometime later, another attorney informed Clover that Rauch had been suspended, and she confronted Rauch about it. Rauch turned over the papers in the modification proceeding and began to assist her in retaining another attorney.

■ In the proceedings before the Grievance Commission, the Committee on Professional Ethics and Conduct alleged that Rauch had engaged in the practice of law during his suspension, although the Commission found that this was not supported by the evidence. The Commission found that adequate evidence supported the claim that Rauch had failed to comply with court rule 118.18. The Commission found that the respondent violated DR 1–102(A)(1), (4), (5), and (6), and DR 7–102(A)(3) and (8). On our de novo review, we conclude that these violations were established. We also agree that the Committee did not establish that the respondent engaged in the practice of law during his suspension.

It is clear from the record, including the respondent's admissions, that he failed to comply with several of the requirements of rule 118.18. He failed to comply with rule 118.18(a), which required written notice to Clover of his suspension. In fact, as of the time of the hearing, Rauch had not given written notice to any of his clients. His testimony was that he preferred to confront the clients personally because he felt they would understand better if he did it that way. The respondent also failed to comply with rule 118.18(b) by failing, within fifteen days, to deliver to Clover all of the papers relevant to her pending matters. He violated subparagraph *d* by failing to notify opposing counsel in pending litigation.

The respondent also failed to comply with rule 118.18(e), which requires the attorney to "file with the court, agency, or tribunal before which the litigation is pending a copy of the notice" sent to opposing counsel or adverse parties.

The question is what discipline should be imposed for failure to comply with rule 118.18. Subparagraph *g* of that rule provides:

> *g.* Within thirty days [the respondent shall] file with the committee on professional ethics and conduct copies of the notices sent pursuant to the preceding subsections of this rule and proof of complete performance of the foregoing subsections, and this shall be a condition for application for readmission to practice.

■ When such a condition of reinstatement has become impossible to meet, as here, because of the passage of time, it should not necessarily mean that the attorney can never be reinstated. To say that would mean that the license of a lawyer who has been suspended must effectively be revoked because of the lawyer's failure to meet the requirements of rule 118.18.

On the other hand, the respondent's wholesale failure to comply with rule 118.18 demands that some sanction should be imposed. We therefore order that the one-year suspension previously ordered by this court should be extended another three months.

The costs of these proceedings are assessed to the respondent pursuant to Iowa Supreme Court Rule 118.22.

**ORIGINAL LICENSE SUSPENSION EXTENDED.**