**In the Matter of ANONYMOUS.**

No. 30S00–9904–DI–234.

Supreme Court of Indiana.

June 9, 2000

## DISCIPLINARY ACTION

PER CURIAM.

This attorney discipline case came before this Court on a conditional agreement entered into between the Indiana Supreme Court Disciplinary Commission and an attorney. The parties submitted an agreed

statement of circumstances and proposed that the appropriate sanction for the agreed misconduct was a private reprimand. This Court approved the agreement and privately admonished the respondent. The misconduct emanated from the attorney's effort to secure an emergency child custody order. We hold that lawyers seeking emergency relief must provide adequate notice to opposing parties[1] or comply strictly with the provisions of Ind.Trial Rule 65(B). For the education of the bar, we herein recount the facts and circumstances of this case while preserving the confidential nature of the discipline.

The parties agree that the respondent represented the paternal grandparents of a child in custody proceedings against the natural parents. At all times relevant to the custody proceedings, counsel represented the natural parents, and the respondent was aware of such representation. On May 11, 1998, at a hearing requested by the paternal grandparents, the court entered an order appointing a guardian *ad litem* for the child, who was then in the legal and physical custody of his natural parents. The guardian *ad litem* was directed to conduct an investigation of the child's circumstances and report thereon to the court.

On June 8, 1998, the guardian *ad litem* filed her report with the court, recommending that the child be placed in the custody of his paternal grandparents. The court scheduled the matter for a hearing on June 23, 1998. On June 9, 1998, the respondent, who had also received a copy of the guardian *ad litem's* report, prepared and filed a *Verified Petition for Immediate Emergency Custody* (hereinafter "*Verified Petition*") signed by the paternal grandparents, and a proposed order granting relief. By the *Verified Petition*, the respondent sought an emergency order placing the child with the paternal grand-

parents pending a full hearing of the case. The respondent served a copy of the *Verified Petition* on counsel for the natural parents by placing it in the United States mail on June 9. He did not make any other effort to contact the opposing party, did not certify to the judge what efforts he had made to give appropriate notice, and did not certify the reasons supporting a claim that notice should not be required.

While at the courthouse to file the *Verified Petition* with the court, the respondent requested to and did speak with the judge presiding over the case. The respondent informed the judge of the filing of the *Verified Petition* and urged the judge to read the guardian *ad litem's* report. Again, the respondent did not notify opposing counsel that he intended to speak to the judge about the case.

The judge advised the respondent he would read the guardian *ad litem's* report and that the respondent should return to the court later in the day. When the respondent returned to the court, he obtained an order signed by the judge granting emergency custody of the child to the paternal grandparents pending a full hearing on the merits and granting the natural parents supervised visitation.

After obtaining the emergency order, the respondent telephoned counsel for the natural parents, and, for the first time during the pendency of the *Verified Petition*, notified counsel of the emergency proceeding and the fact that the court had already entered an order transferring custody of the child from the natural parents to the paternal grandparents.

 Indiana Professional Conduct Rule 3.5(b) provides that "[a] lawyer shall not communicate *ex parte* with [a judge, juror, prospective juror or other official] except as permitted by law."[2] A commu-

---

1. Throughout this opinion, the term "opposing party" shall refer to the opposing party or its attorney.

2. The term *"ex parte"* means "on or from one side only." *Black's Law Dictionary*, 5th Ed. (1979) at 517.

nication is *ex parte* if made by a party outside the record without giving other parties notice or an opportunity to contest. The Commission and the respondent agree that the *ex parte* communication between the respondent and the judge occurred in a manner not permitted by law. Indiana Code 31–17 *et seq.*, (dealing with "Family Law: Custody and Visitation Rights") contains no affirmative legal authority for obtaining judicial relief without advance notice to or the presence of the opposing party or its counsel. In addition, IC 31–17–2–2 provides that proceedings of this sort are to be governed by the Indiana Rules of Trial Procedure. Emergency judicial relief is generally governed by Trial Rule 65(B).[3] Trial Rule 65(B) provides:

> A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if:
>
> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and
>
> (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required.
>
> Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance, shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; ...

The respondent made no attempt to comply with the provisions of T.R. 65(B) and he made no written certification of the reasons why opposing counsel should not receive notice. Failure to follow the T.R. 65(B) safeguards renders a proceeding in which proper notice has not been given to the opposing party an impermissible *ex parte* communication by the attorney, and, as such, is prohibited under Ind.Professional Conduct Rule 3.5(b). The respondent's simply discussing scheduling matters with the judge is not a violation of the rule. However, we conclude that by seeking emergency relief without providing notice and without certifying to the judge what efforts, if any, the respondent had made to give notice or the reasons why notice should not be required, the respondent engaged in an impermissible *ex parte* contact with the court, in violation of Prof. Cond.R. 3.5(b).

▮ Although not raised during this proceeding, we note that the judge should inquire of counsel seeking emergency relief as to whether other parties are represented and the effort to contact other counsel or unrepresented parties. Canon 3(B)(8) of the *Indiana Code of Judicial Conduct* specifically prohibits a judge from considering *ex parte* communications, except under certain specified circumstances.[4] A judge who fails to comply

---

3. As the parties have agreed, we find that the custody matter did not fall within the scope of T.R. 65(E), dealing with temporary restraining orders in domestic relation cases.

4. Those circumstances are:

(a) Where circumstances require, ex parte communications for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits are authorized; provided:

(i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and,

(ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.

(b) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.

(c) A judge may consult with court personnel and others whose function it is to aid the judge in carrying out the judge's adjudicative responsibilities, or with other judges.

fully with the provisions of T.R. 65(B) engages in *ex parte* communication proscribed by the *Code of Judicial Conduct. See, e.g., Matter of Jacobi,* 715 N.E.2d 873 (Ind.1999) (judge found to have violated the *Code of Judicial Conduct* by granting a request for a temporary restraining order after an *ex parte* conference with one of the parties where the relief was granted in the absence of certifications required by T.R. 65(B)).

At the heart of our adversarial system of justice is the opportunity for both sides of a controversy to be fairly heard. "Improper *ex parte* communications undermine our adversarial system, which relies so heavily on fair advocacy and an impartial judge. [Such communications] threaten[ ] not only the fairness of the resolution at hand, but the reputation of the judiciary and the bar, and the integrity of our system of justice." *Matter of Marek,* 609 N.E.2d 419 (Ind.1993). The facts of this case exhibit conduct that the prohibition against *ex parte* communication is intended to proscribe. While the mailed notice of the *Verified Complaint* was most likely still sitting in the mailbox, the respondent obtained relief for his client without ever notifying opposing counsel or justifying the reasons why notice should not be given. Only after obtaining the relief he sought did the respondent pick up the telephone and advise opposing counsel of the emergency proceeding.

■ The respondent and the Commission point out that, based on allegations of abuse raised in the guardian *ad litem's* report, the respondent believed in good faith that he was acting in the child's best interest and that a true emergency existed. While the respondent's efforts to obtain judicial protection for a child at risk of harm may be laudable, they do not justify dispensing with mandatory procedures that are meant to protect the rights of other parties who have important legal interests at stake in a judicial proceeding. Clearly, respondent should have properly notified opposing counsel of his intention to seek immediate emergency judicial relief, or certified to the court his efforts and any reasons why such notice could not be provided. He did not and, accordingly, has been issued a private reprimand.

Costs of this proceeding are assessed against the respondent.

(d) A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to mediate or settle matters pending before the judge.

(e) A judge may initiate or consider any ex parte communications when authorized by law to do so.