**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Allan H. RAUCH, Respondent.**

**No. 02–0652.**

Supreme Court of Iowa.

Sept. 5, 2002.

**575**

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Allan H. Rauch, Des Moines, pro se.

STREIT, Justice.

An Iowa attorney is charged with improper ex parte communications with several judges, deceiving the court, and neglect of client matters. The Iowa Supreme Court Board of Professional Ethics and Conduct filed a complaint with our Grievance Commission against Allan Rauch, alleging he violated several ethical rules. The Commission recommended we suspend Rauch's license to practice law for seven months. Our review is required by Iowa Court Rule 35.10 (2002). We agree with the Commission's findings of misconduct and suspend Rauch's license to practice law for one year.

## I. Facts and Background

Allan Rauch represented Robin Copic (formerly known as Robin Noble) in divorce and child custody proceedings. During Copic's representation, Rauch had three ex parte conversations with three judges, and obtained two ex parte orders knowing there was another attorney involved in the case. Rauch is also charged with neglect of client matters. All of these charges involve the same case.

Rauch is charged with neglect of Copic's case at both the trial and appellate levels. He filed the petition for modification of the Noble decree but failed to properly represent Copic. He did not arrange mandatory mediation. Rauch did not file and exchange witness and exhibit lists within ten days before trial as required. For these lapses the court ordered Rauch to pay a $600 discovery sanction and dismissed the petition for modification. Rauch filed a notice of appeal. However, he did not

diligently prosecute the appeal. Rauch failed to pay the $600 judgment imposed by the trial court.

In December 1999, Rauch had two ex parte communications with two separate district court judges resulting in two orders. He first presented a judge with an order to terminate the original income withholding order of child support from his client's paycheck. Rauch did not notify opposing counsel, Michael Adams, of this meeting. Adams learned of this order over a month later. The judge who signed this order had no specific recollection of it.

Rauch's second ex parte contact, again in the same case but with a second judge, involved the obtaining of an order captioned "nunc pro tunc" correcting the first order to make it retroactively stop income withholding. Again, attorney Adams did not know about this order at the time Rauch presented it to the court for signing. The judge who signed this particular order could not remember any specifics of the order.

Finally, in April 2000, Rauch had a third ex parte communication with the trial judge attempting to obtain a continuance of Copic's trial in which Rauch sought modification of child custody and support. The judge testified Rauch led him to believe opposing counsel was aware of and supported the request for a continuance. In reality, attorney Adams had no knowledge of this request. Rauch stated he had this ex parte communication with the court only after being told to do so by the court administrator's office. Rauch also stated he did not intend to mislead the court.

## II. Scope of Review

■ We review the findings and recommendations of the Grievance Commission de novo. Iowa Ct. R. 35.10. We give respectful consideration to the Commission's findings and recommendations, but are not bound by them. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lemanski*, 606 N.W.2d 11, 13 (Iowa 2000). The Board has the burden to prove misconduct by a convincing preponderance of the evidence. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sherman*, 619 N.W.2d 407, 409 (Iowa 2000).

## III. The Commission's Findings

The Commission found Rauch violated the rule prohibiting conduct involving dishonesty, fraud, deceit, and misrepresentation. DR 1–102(A)(4). For the same conduct, the Commission found Rauch violated the rules prohibiting conduct that is prejudicial to the administration of justice and conduct that adversely reflects on the fitness to practice law. DR 1–102(A)(5), (6). Because Rauch failed to prosecute the appeal, the Commission found he violated the rule prohibiting neglect of a client's legal matter. DR 6–101(A)(3). Finally, the Commission found Rauch communicated with a judge as to the merits of the case in violation of the requirements for ex parte communications outlined in DR 7–110(B).

## IV. Misconduct and Sanction

■ We find the record supports the findings of the Commission. Rauch lied to the judge in his attempt to have the trial continued. When the trial judge checked with opposing counsel, Michael Adams, to see if he agreed to the continuance, Adams was "shocked" to learn of Rauch's request. The judge then dismissed Rauch's modification petition for failure to complete certain pretrial matters. Rauch contends he contacted the judge ex parte at the direction of the court administrator. We assume the administrator told him that trial continuances could only be obtained by court order. It is unwarranted for Rauch to claim a court administrator's in-

struction to talk to the trial judge if he sought a continuance somehow authorized the ex parte contact. Rauch's excuse for such contact is wholly without merit.

Rauch is charged with neglect of his client's matter both in prosecuting her modification action in the trial court and later on the appeal. The court dismissed the petition for modification because Rauch did not comply with several pretrial matters. He failed to exchange exhibits with opposing counsel. He served counsel with a witness list five days before trial instead of the required ten days. Finally, Rauch did not comply with the court-ordered mediation. In regard to Rauch's failure to prosecute the appeal, he attempts to justify his inaction by asserting he could not continue because his client had not paid him enough money for these legal services. This argument is likewise unpersuasive. Once Rauch filed the appeal, it was his duty to diligently prosecute it. *See* Iowa R.App. P. 6.32. If Rauch was unable to complete his professional obligation, it was his duty to file a motion to withdraw. The course of action pursued—that of inaction—is not ethical.

Finally, with regard to Rauch's ex parte contact to terminate the order for income withholding of child support for his client, Rauch offers yet another excuse. Though he attempts to defend his conduct by asserting it was in his client's best interests, this is no excuse. *See Comm. on Prof'l Ethics & Conduct v. Bauerle,* 460 N.W.2d 452, 453 (Iowa 1990) (deceitful act done in the interests of the client not excused). Rauch claims he did not tell Adams because Adams' client would insist on filing a resistance. Rauch asserts his client was in an unfair position because she now had custody of the child but was forced to continue child support payments to the child's father—something Rauch would

have certainly later argued, had the case gone to trial.

We have before considered ex parte communications resulting in ethical violations. Our rule governing standards of professional conduct for ex parte contact provides,

In an adversary proceeding, a lawyer shall not communicate, ... as to the merits of the cause with a judge ... before whom the proceeding is pending, except:

(1) In the course of official proceedings in the cause.

(2) In writing if a copy is promptly delivered to opposing counsel or to the adverse party if not represented by a lawyer.

(3) Orally upon adequate notice to opposing counsel or to the adverse party if not represented by a lawyer.

(4) As otherwise authorized by law.

DR 7–110(B). The fourth exception includes only ex parte communications for the purpose of "obtain[ing] ex parte restraining orders, submissions made in camera by order of the judge, or similarly rare occasions." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lesyshen,* 585 N.W.2d 281, 287 (Iowa 1998) (quoting Charles W. Wolfram, Modern Legal Ethics § 11.3, at 605 (1986)). Rauch does not meet any of these exceptions for any of the ex parte communications. As such, the ex parte communications between Rauch and the district court judges occurred in a manner not permitted by law.

■ As the above rule indicates, we explicitly allow ex parte communications only under specific circumstances. *See* DR 7–110(B); EC 7–35. The purpose behind the rule prohibiting ex parte communications is to prevent "the effect, or even the appearance, of granting undue advantage to one party to the litigation." *In re Conduct*

*of Thompson,* 325 Or. 467, 940 P.2d 512, 515 (1997); EC 7–35 ("[A] lawyer should not communicate with a judge relative to a matter pending . . . in circumstances which might have the effect or give the appearance of granting undue advantage to one party."). Our adversarial system is premised on affording each party to a controversy the opportunity to be heard. Lawyers and litigants should have access to tribunals on an equal basis. EC 7–35.

> Improper *ex parte* communications undermine our adversarial system, which relies so heavily on fair advocacy and an impartial judge. [Such communications] threaten[ ] not only the fairness of the resolution at hand, but the reputation of the judiciary and the bar, and the integrity of our system of justice.

*In re Anonymous,* 729 N.E.2d 566, 569 (Ind.2000) (quoting *Matter of Marek,* 609 N.E.2d 419, 420 (Ind.1993)). It is imperative that we avoid even the appearance of granting one party a procedural or tactical advantage over the other as a result of an ex parte contact. Both judges and lawyers must demonstrate due regard for the rights of parties to be heard.

To facilitate a balance of representations by opposing advocates, we require lawyers to fulfill certain procedural requirements before engaging in ex parte communications. In general, a lawyer may not discuss with the court ex parte matters related to the merits of a pending proceeding. Such matters may be either substantive or procedural. *In re Conduct of Eadie,* 333 Or. 42, 36 P.3d 468, 477–78 (2001) (The term "on the merits" includes procedural as well as substantive matters.).

Some courts allow an exception to the general rule prohibiting ex parte contact for scheduling matters. *See, e.g., In re Anonymous,* 729 N.E.2d at 568; Model Code of Judicial Conduct Canon 3B(7)(a). However, not all communications regard-

ing scheduling matters are permitted when the nature of scheduling matters may affect the case. In the case before us, Rauch's eleventh-hour attempt to obtain a trial continuance certainly includes the potential for affecting the merits of the case. There are other circumstances where procedural matters clearly impact a case and can affect later proceedings. Because Rauch did not attempt to comply with the provisions of DR 7–110(B) and because the substance of his communications had potential ramifications on important legal interests at stake in the proceedings, we conclude Rauch engaged in an impermissible ex parte contact with the court.

Rauch's violation of the rule prohibiting ex parte communications except under limited circumstances is seriously aggravated by his misrepresentation to the court. Not only did he violate the rule prohibiting deceit and misrepresentation, but Rauch also violated the rules prohibiting conduct prejudicial to the administration of justice and conduct adversely reflecting on one's fitness to practice law. DR 1–102(A)(5), (6). We have discussed such violations before in *Committee on Professional Ethics & Conduct v. Postma,* 430 N.W.2d 387 (Iowa 1988). There we found the violation for the ex parte communication was compounded by all of the relevant details Postma failed to disclose to the judge, including the fact that there was another attorney of record on the case who was not notified of the order Postma presented to the court. We suspended Postma's license for six months. *Postma,* 430 N.W.2d at 392. Also, in another similar case, we suspended an attorney's license for six months for an ex parte communication with a judge in which the attorney failed to tell the court that a party was represented by counsel. *See Lesyshen,* 585 N.W.2d at 288. There we said,

[f]undamental honesty is the base line and mandatory requirement to serve in the legal profession. The whole structure of ethical standards is derived from the paramount need for lawyers to be trustworthy. The court system and the public we serve are damaged when our officers play fast and loose with the truth. The damage occurs without regard to whether misleading conduct is motivated by the client's interest or the lawyer's own.

*Id.* (quoting *Bauerle,* 460 N.W.2d at 453). "Absent mutual trust and confidence between a judge and a lawyer—an officer of the court—the judicial process will be impeded and the administration of justice frustrated." *Id.* (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Plumb,* 546 N.W.2d 215, 217–18 (Iowa 1996)). Rauch misrepresented facts to the trial judge to gain advantage for his client. His misrepresentation bespeaks of a knowing deception attempted on the court. This type of misconduct cannot go undisciplined.

█ In determining the appropriate sanction we consider the presence of mitigating or aggravating circumstances. Here, one such aggravating circumstance is Rauch's previous sanction for ethical violations. In 1988, we reprimanded Rauch for failing to act with competence and proper care in representing his clients, failing to prepare adequately for a legal matter, and neglecting entrusted legal matters. *See Comm. on Prof'l Ethics & Conduct v. Rauch,* 417 N.W.2d 459, 460 (Iowa 1988). As a mitigating factor in that case, we considered the fact that Rauch's lack of competence and care in handling his client's case was an isolated event inconsistent with his normal practice. *Id.* Again in 1992, Rauch came before this court on charges of misappropriation of testamentary trust funds, collection of conservatorship fee without court approval, maintenance of disorganized client trust accounts, undignified and discourteous conduct toward a tribunal, and mishandling of an adoption proceeding. *Comm. on Prof'l Ethics & Conduct v. Rauch,* 486 N.W.2d 39 (Iowa 1992). Finding the Commission proved the above allegations by a convincing preponderance of the evidence, we suspended Rauch's license to practice law for one year. *Id.* at 40. Because Rauch later failed to notify his clients and opposing counsel of his 1992 suspension, we extended Rauch's suspension for another three months. *Comm. on Prof'l Ethics & Conduct v. Rauch,* 508 N.W.2d 628, 629 (Iowa 1993).

Rauch attempts to offer as a mitigating circumstance the fact that many other lawyers also have ex parte communications with judges, especially in domestic relations court, as to routine scheduling matters. Rauch states such communications are "a fact of life." Even if there is some evidence of ex parte communications regarding scheduling matters, Rauch's contention that everyone does it is without merit. Rauch does not articulate the difference between an ex parte request asking that a motion or other matters be set for hearing and a motion to continue a trial. There is no evidence, other than Rauch's testimony, in the record to suggest ex parte trial continuances are routinely granted in divorce matters. *See, e.g., Mississippi Bar v. Logan,* 726 So.2d 170, 178 (Miss.1998) (speaking with lawyers concerning various procedural issues not prohibited because it was a common and accepted practice in Mississippi). Iowa rules of professional conduct plainly state, "a lawyer shall not violate a disciplinary rule." DR 1–102(A)(1). It does not say a lawyer shall not violate a disciplinary rule unless such violation is commonplace. *See Comm. on Prof'l Ethics & Conduct v. Zimmerman,* 465 N.W.2d 288, 291 (Iowa 1991) (The fact that lawyers

violate a particular disciplinary rule routinely does not work as a defense.). Contrary to Rauch's assertion, we are not imposing an unreasonable standard upon Rauch. We are merely requiring conformance with our rules of professional responsibility as they are written.

We find the facts as shown above warrant suspension of Rauch's license to practice law. A suspension is warranted in the interests of protecting the integrity of the legal system, specifically a party's right to a fair hearing. We therefore suspend Rauch's license with no possibility for reinstatement for a period of one year from the date of the filing of this opinion. Upon application for reinstatement, Rauch shall have the burden to prove he has not practiced law during the period of suspension and that he meets the requirements of Iowa Court Rule 35.13. Any hearing on application for reinstatement shall be at least sixty days after the filing of such application. *See* Iowa Ct. R. 35.13(1)(a). Rauch's "motion for leave to appeal and other relief" is denied. The costs of this action are assessed against the respondent in accordance with Iowa Court Rule 35.25.

**LICENSE SUSPENDED.**