ATTORNEY FOR THE RESPONDENT
Pro se

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Dennis K. McKinney, Staff Attorney
Indianapolis, Indiana

# In the

# Indiana Supreme Court

_____

No. 71S00-0503-DI-118

IN THE MATTER OF

**FREDERICK B. ETTL**                               *Respondent.*

_____

Disciplinary Action

_____

**August 11, 2006**

*Per Curiam,*

The Disciplinary Commission charged the respondent with violating Indiana Professional Conduct Rule 3.5(b) by engaging in an *ex parte* communication with a judge. A hearing officer appointed pursuant to Indiana Admission and Discipline Rule 23 heard the matter and filed his findings of fact and conclusions of law, determining that the Commission failed to meet its burden of proof by clear and convincing evidence. The Commission filed a petition for review, respondent filed a brief in opposition, and the Commission replied. The matter is now before us for final determination. Where a party challenges the hearing officer's report, we review the

matter de novo. Final determination of misconduct and sanction rests with this Court. In re Lamb, 686 N.E.2d 113, 114 (Ind. 1997).

The facts of the case are as follows: On August 28, 2003 the client, pro se, obtained a protective order against her husband, barring him from the marital residence. The next day, the husband violated the order and was arrested and subsequently released on bond. In early September 2003, the client hired respondent to represent her in a dissolution of marriage. Concurrent with filing the dissolution action, respondent filed a *Petition for Provisional Relief and Supervised Visitation*. This petition sought two types of relief: (1) provisional relief, including: "temporary, exclusive custody of the minor child of the parties; temporary exclusive occupancy of the marital residence; an award of child support; an award of spousal support; and an order of structured, policed, supervised visitation," and (2) a request for an emergency order of custody. Respondent presented the petition to the trial court judge along with an order setting the requests for provisional relief for hearing, and giving the wife emergency custody of the minor child, all without notice to the husband.

The Petition for Dissolution of Marriage, filed at the same time as the request for provisional relief, set forth two addresses for service of the petition for dissolution on the husband. Neither address was the marital home from which the husband was barred. Respondent made no attempt to give notice to the husband of the emergency request for custody. In presenting the petition to the judge, respondent did not provide certification of either his efforts to give notice or the reasons notice should not be required. We conclude that these facts establish a prohibited *ex parte* communication with a judge in violation of Professional Conduct Rule 3.5(b).

The presumption in every adversarial proceeding is that there is no *ex parte* communication with the judge, and that notice of any communication with the court will be given to all parties. As we recently explained in In re Anonymous, 729 N.E.2d 566, 569 (Ind. 2000) (quoting In re Marek, 609 N.E.2d 419, 420 (Ind. 1993)):

> At the heart of our adversarial system of justice is the opportunity for both sides of a controversy to be fairly heard. "Improper *ex parte* communications undermine our adversarial system, which relies so heavily on fair advocacy and an impartial judge. [Such communications] threaten[ ] not only the fairness of the reso-

2

lution at hand, but the reputation of the judiciary and the bar, and the integrity of our system of justice."

Trial Rule 65 recognizes that there are situations where a temporary restraining order without notice is appropriate. To obtain this extraordinary relief, the party's petition must verify not only the existence of exigent circumstances, but also the reasons why notice should not be given. The requirements for emergency relief in a domestic relations matter without notice are spelled out in the Rule. The petitioner must:

1. "…file [ ] a verified petition alleging an injury would result to the moving party if no immediate order were issued," T.R. 65(E); **and**

2. "[…] certif[y] to the court in writing the efforts, if any" to give notice "**and** the reasons supporting [the] claim that notice should not be required," T.R. 65(B)(2).

In re Anonymous, 786 N.E.2d 1185, 1189-90 (Ind. 2003).

The requirements of this rule may be met by certifying to the court that it is not possible to give notice within the time required to avoid injury, or by certifying facts that establish that notice should not be given. The former justification is typically used when the opposing party cannot be located within the time necessary to avoid injury. The latter is usually relied upon in situations where the opposing party can be found, but notice creates a substantial risk that immediate harm will result. In either case, the party seeking emergency relief must certify facts supporting the claim of impossibility of notice or the contention that giving notice would risk harm.

Respondent's filings with the trial court established neither impossibility of notice to the husband nor reasons why notice should not be given. Respondent contends that his signature on the *Petition for Provisional Relief and Supervised Visitation*, which alleged that the husband was "at large in the community," satisfied the requirement that respondent certify facts supporting impossibility of notice because it implied that husband's whereabouts were unknown and therefore notice was not possible. We are not persuaded. Simply stating that the husband was "at large in the community" does not meet the requirements of Trial Rule 65(B)(2). Respondent's own concurrent pleading showed two addresses for the husband for service of the petition for

3

dissolution. The emergency petition did not specify any effort made to give notice at either address. Nor did respondent's petition state that no effort had been made to give notice and supply reasons why an emergency order nevertheless should be issued.

In summary, respondent's failure to provide notice resulted in a prohibited *ex parte* communication. If the respondent had attempted to notify the husband, but was not able to locate him, then he should have certified, in writing, to the judge the efforts that he had made in that attempt. If respondent did indeed have legitimate reasons for not giving notice, Trial Rule 65(B)(2) required him to certify to the court, in writing, his claim that notice should not be given and the reasons supporting this claim.

Despite the statement of the requirements for obtaining a temporary restraining order set out in In re Anonymous, 786 N.E.2d 1185 (Ind. 2003), respondent, who acknowledges having a copy of that decision on his desk, did not follow its straightforward requirements. There may well have been reasons to dispense with notice in this case, but, if so, respondent did not supply them under oath to the trial court judge. We conclude that the appropriate sanction is a public reprimand.