# IN THE SUPREME COURT OF IOWA

No. 142 / 07-0957

Filed March 21, 2008

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

      Appellee,

vs.

**ALLAN H. RAUCH,**

      Appellant.

---

Appeal from report of the Grievance Commission.


Grievance Commission reports respondent has committed ethical misconduct and recommends revocation of respondent's license to practice law. **LICENSE REVOKED.**


Allan H. Rauch, Windsor Heights, pro se.


Charles L. Harrington and Teresa A. Vens, Des Moines, for appellee.

**STREIT**, **Justice**.

The Iowa Supreme Court Attorney Disciplinary Board ("Board") accused Allan Rauch of practicing law while his license was suspended, deceiving a client and the district court, neglecting a client's matter, failing to account for and refund a portion of a client's retainer, and failing to cooperate with the Board's investigation. The Grievance Commission of the Supreme Court of Iowa ("Commission") found Rauch violated the Iowa Code of Professional Responsibility for Lawyers and recommended revocation of Rauch's license in light of his prior ethical violations. We agree with the Commission and revoke Rauch's license.

## I.    Background Facts.

Rauch was admitted to the Iowa bar in 1970. He has been disciplined for violating our ethics rules on four separate occasions. In 1988, we reprimanded Rauch for failing to act with competence and proper care in representing clients in a personal injury case. *Comm. on Prof'l Ethics & Conduct v. Rauch,* 417 N.W.2d 459, 460 (Iowa 1988). We found he neglected his clients' case and failed to adequately prepare for trial. *Id.* In 1992, we suspended Rauch's license for one year because he misappropriated testamentary trust funds, collected a conservatorship fee without court approval, maintained disorganized client trust accounts, acted undignified and discourteous toward a tribunal, and mishandled an adoption proceeding. *Comm. on Prof'l Ethics & Conduct v. Rauch,* 486 N.W.2d 39, 40 (Iowa 1992). We later extended Rauch's suspension by three months because he failed to notify his clients and opposing counsel of his suspension. *Comm. on Prof'l Ethics & Conduct v. Rauch,* 508 N.W.2d 628, 629 (Iowa 1993). Rauch's license was reinstated in February 1994. In 2002, we suspended Rauch's license for one year because he neglected a client's case at both the trial and

appellate levels, had three ex parte conversations with three judges, obtained two ex parte orders knowing there was another attorney involved in the case, and lied to a judge. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Rauch*, 650 N.W.2d 574, 580 (Iowa 2002). Rauch's license remains suspended.

The present case concerns a complaint the Board filed against Rauch in 2004. The Board made the following allegations: In Count I, the Board claimed Rauch agreed to represent Neal Howser on September 20, 2002—fifteen days after we suspended Rauch's law license. Howser agreed to pay Rauch $250 in two installments. Rauch did not inform Howser of the suspension. After Howser paid Rauch $100, Rauch prepared a motion to quash. Rauch took the motion to Howser's home for Howser to sign and then filed the motion with the district court. The motion did not contain any indicia Rauch prepared it or that he represented Howser. About a week later, Howser went to Rauch's office to pay him the final $150. Rauch's office was completely empty. Howser was unsuccessful in his attempts to contact Rauch. Howser filed a complaint with the Board to which Rauch never responded.

Count II alleged Derrold and Dena Anderson hired Rauch to represent their nephew, Ned Osborn, in April 2001. The Andersons paid Rauch $500 to pursue a reduction in Osborn's child support obligation. Rauch filed a motion to quash and the matter was set for hearing. However, no hearing was ever held. Rauch also wrote one letter to Child Support Recovery on behalf of Osborn. The Andersons had no further communication with Rauch. In January 2002, Mr. Anderson sent Rauch a certified letter requesting he either "do the job" or return the $500.

Rauch did not respond to Mr. Anderson, nor did he respond to the Board's notice of Mr. Anderson's complaint.

The Board filed its complaint against Rauch in January 2004. The Commission made several attempts to serve Rauch with the complaint, all of which were unsuccessful. In February 2007, notice of the Board's complaint was served on the clerk of the supreme court pursuant to Iowa Court Rule 36.6(3). Rauch did not file an answer to the complaint. Consequently, the Board's allegations were deemed admitted by the Commission. *See* Iowa Ct. R. 36.7. The Commission held a hearing on May 14, 2007. Rauch did not appear. Thereafter, the Commission filed its decision which recommended revocation of Rauch's law license.

On June 25, 2007, Rauch filed an "Appearance and Motion for Time" in which he stated his recent receipt of the Board's brief was his "first and only *actual* notification of this action." (Emphasis in original.) Rauch claimed he would have responded to the Board's complaint had he received it. Rauch stated "[t]he inordinate and excessive lapses of time involved in the prosecution of this action and the use of Court Rule 36.3(3) may well constitute a denial of due process and equal protection." He requested the opportunity to be heard on the merits of the case. In response, the Board claimed Rauch had only himself to blame for the delay. The Board noted Rauch received notices of its investigation but chose not to keep the Board informed of his current address.[1]

We granted Rauch fourteen days to file and serve notice of his appeal. In our order, we stated Rauch could raise on appeal his challenges to notice and service in the underlying commission proceeding. Subsequently, Rauch filed a notice of appeal. However, he

---

[1]It is not known why the Board took so long to serve the clerk of the supreme court with the complaint. Effective July 1, 2005, Iowa Court Rule 36.6 was amended to allow for substituted service in the event a lawyer cannot be found.

failed to file a proof brief and only belatedly filed a designation of the contents of an appendix. Rauch has therefore waived any argument he had with respect to sufficiency of the notice. *See* Iowa R. App. P. 6.14(1)(*c*) (stating "[f]ailure in the brief to state, to argue or to cite authority in support of an issue may be deemed waiver of that issue").

## II.    Scope of Review.

We review the findings of the Grievance Commission de novo. Iowa Ct. R. 35.10(1). We give weight to the Commission's findings but we are not bound by those findings. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. McGrath*, 713 N.W.2d 682, 695 (Iowa 2006). The Board has the burden to prove disciplinary violations by a convincing preponderance of the evidence. *Iowa Supreme Ct. Att'y Disciplinary Bd. v. D'Angelo*, 710 N.W.2d 226, 230 (Iowa 2006). This burden is " 'less than proof beyond a reasonable doubt, but more than the preponderance standard required in the usual civil case.' " *Id.* (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lett*, 674 N.W.2d 139, 142 (Iowa 2004)).

## III.    The Commission's Findings.

With respect to Count I, the Commission found Rauch engaged in the unauthorized practice of law by agreeing to represent Howser while his law license was suspended. *See* Iowa Code of Prof'l Responsibility for Lawyers DR 3–101(B) (prohibiting a lawyer from practicing in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction); DR 7–106(A) (prohibiting a lawyer from disregarding a court's ruling). It also found Rauch was guilty of deceit by failing to inform Howser that his license was suspended and by ghostwriting and filing a pleading on behalf of Howser without disclosing to the court his involvement in the matter. *See* DR 1–102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty,

fraud, deceit, or misrepresentation); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lane*, 642 N.W.2d 296, 299 (Iowa 2002) (condemning ghostwriting as a misrepresentation to the court). Finally, the Commission found Rauch committed an additional ethical violation by failing to respond to the Board after being served with Howser's complaint. *See* DR 1–102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice); DR 1–102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the fitness to practice law); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Grotewold*, 642 N.W.2d 288, 293 (Iowa 2002) (stating a lawyer's failure to timely respond to the Board violates DR 1–102(A)(5), (6)).

The Commission did not make any specific findings with respect to Count II other than it noted Rauch failed to respond to the Board after he was served with the Andersons' complaint. The Commission acknowledged Rauch's representation of Osborn (at the direction of the Andersons) occurred prior to the one-year suspension we imposed in September 2002. The Commission noted it did not believe Rauch's suspension would have been lengthened had we considered the Andersons' complaint at that time. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Moorman*, 729 N.W.2d 801, 805–06 (Iowa 2007) (imposing a concurrent sanction because it is unlikely the supreme court would have imposed a longer suspension had it been aware of the conduct that is the subject of the disciplinary proceeding at the time of its previous decision).

## IV. Misconduct and Sanction.

We agree with the Commission's findings and conclusions. We must now determine the appropriate sanction. We consider "the nature

of the violations, protection of the public, deterrence of similar misconduct by others, the lawyer's fitness to practice, and our duty to uphold the integrity of the profession in the eyes of the public." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Fleming*, 602 N.W.2d 340, 342 (Iowa 1999) (citing *Comm. on Prof'l Ethics & Conduct v. Havercamp*, 442 N.W.2d 67, 69 (Iowa 1989)). We also consider both aggravating and mitigating circumstances. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ruth*, 656 N.W.2d 93, 99 (Iowa 2002) (citing *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sherman*, 637 N.W.2d 183, 187 (Iowa 2001)). Ultimately, the form and extent of a disciplinary sanction "must be tailored to the specific facts and circumstances of each individual case." *Comm. on Prof'l Ethics & Conduct v. Rogers*, 313 N.W.2d 535, 537 (Iowa 1981).

We have before us a long and troubled history of ethical violations committed by Rauch. He has demonstrated a penchant for deceit and a total lack of respect toward the courts of this state. He thumbed his nose at this court by accepting Howser's case just days after we suspended his license. He tried to hide his involvement by omitting his name on the motion to quash. Ghostwriting a court document is a " 'deliberate evasion of the responsibilities imposed on an attorney.' " *Lane*, 642 N.W.2d at 299 (quoting *Wesley v. Don Stein Buick, Inc.*, 987 F. Supp. 884, 886 (D. Kan. 1997)); *see* Iowa R. Civ. P. 1.423 (requiring "[e]very pleading or paper filed by a pro se party that was prepared with the drafting assistance of an attorney who contracted with the client to limit the scope of representation pursuant to Iowa R. Prof'l Conduct 32:1.2(*c*) [to] state that fact before the signature line at the end of the pleading or paper that was prepared with the attorney's assistance"). Moreover, Rauch left Howser in a bind when he agreed to represent

Howser and then promptly closed his office. Howser aptly summed it up when he stated before the Commission: "There's enough misrepresentation in this world without having an attorney, someone that you believe is going to help you, misrepresent himself the way this gentleman did."

Our legal system depends on zealous advocates who are diligent and honest. *See Comm. on Prof'l Ethics & Conduct v. Bauerle*, 460 N.W.2d 452, 453 (Iowa 1990) ("Fundamental honesty is the base line and mandatory requirement to serve in the legal profession."). Rauch possesses neither of these qualities. When determining the appropriate sanction, we must consider both the current charges as well as Rauch's past discipline. *Comm. on Prof'l Ethics & Conduct v. Wenger,* 469 N.W.2d 678, 680 (Iowa 1991) (stating past disciplinary action bears upon an attorney's character and is considered an aggravating factor). Doling out another suspension is simply not sufficient in light of Rauch's history of failing to obey our previous suspension orders. Rauch's pattern of unethical conduct over a number of years warrants revocation of his law license. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. Rickabaugh*, 728 N.W.2d 375, 382 (Iowa 2007) (finding attorney's history of ethical infractions demonstrates he "does not respect the awesome responsibilities of an attorney"); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Beckman,* 674 N.W.2d 129, 139 (Iowa 2004) (finding attorney's "pattern of misconduct and dishonesty demonstrates that he has no intention of complying with his legal and ethical obligations unless forced to do so").

**V.    Conclusion.**

We revoke Rauch's license to practice law in the state of Iowa. Costs are taxed to Rauch pursuant to Iowa Court Rule 35.25(1).

**LICENSE REVOKED.**