ATTORNEY FOR THE RESPONDENT
Alice M. Morical
Indianapolis, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Paula Cardoza-Jones, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 79S00-1508-DI-512

IN THE MATTER OF:

ANONYMOUS,

*Respondent.*

FILED

Oct 15 2015, 10:44 am

CLERK
of the supreme court,
court of appeals and
tax court

Attorney Discipline Action

**October 15, 2015**

**Per Curiam.**

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. The Respondent's admission to this state's bar subjects her to this Court's disciplinary jurisdiction.

The Court approves the agreement and finds that Respondent engaged in attorney misconduct by communicating *ex parte* with a judge without authorization to do so. For this misconduct, we find that Respondent should receive a private reprimand.

**Stipulated Facts**

Respondent was hired by the maternal grandparents of a young child who were concerned about the child's welfare. At the time, the child was living with the grandparents in White County, the putative father's paternity had not yet been established, and the child's mother allegedly was an unemployed drug addict who was unable to properly care for the child but nevertheless was threatening to remove the child from the grandparents' home.

On June 11, 2014, Respondent prepared an "Emergency Petition" seeking to have the grandparents appointed as the child's temporary guardians. Respondent dispatched an associate attorney in her office to the White County Courthouse with instructions to present the Emergency Petition for judicial consideration. The associate attorney presented the Emergency Petition to the judge, who reviewed the Emergency Petition and signed the proposed order appointing the grandparents as temporary co-guardians of the child. The order was directed to be served on the child's mother and putative father.

Respondent did not provide advance notice to the mother or the putative father before causing the Emergency Petition to be presented to the judge.[1] Respondent also did not comply with Trial Rule 65(B), which required Respondent to certify to the court the efforts (if any) made to give notice to adverse parties and the reasons supporting a claim that notice should not be required.

The parties cite no facts in aggravation. Facts cited in mitigation are: (1) Respondent has no prior discipline; (2) she fully cooperated with the Commission; and (3) her character and reputation within the Tippecanoe County legal community is good.

---

[1] The parties agree that under the circumstances of this case, the actions of the associate attorney are attributable to Respondent pursuant to Indiana Professional Conduct Rule 5.1(c).

**Discussion**

Indiana Professional Conduct Rule 3.5(b) provides in relevant part that an attorney shall not communicate *ex parte* with a judge during a proceeding unless authorized to do so by law or court order.

The question of authority in this case hinges upon Trial Rule 65(B), which governs the type of emergency judicial relief sought by Respondent on the grandparents' behalf. *See* Matter of Anonymous, 729 N.E.2d 566, 568 (Ind. 2000). That rule provides that a temporary restraining order may be granted without notice to the adverse party only if, among other things, "the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting [her] claim that notice should not be required." Ind. Trial Rule 65(B)(2). An attorney's failure to comply with this rule renders the subject proceeding an unauthorized *ex parte* communication prohibited under Professional Conduct Rule 3.5(b).[2]

To be sure, Trial Rule 65(B) contemplates that there will be situations justifying the issuance of temporary emergency relief without notice, and the availability of such extraordinary relief can be particularly critical in domestic relations or custodial cases where the immediate safety and well-being of a child or domestic partner is shown to be at demonstrable risk. *See* Matter of Anonymous, 786 N.E.2d 1185, 1189 (Ind. 2003). We do not wish to discourage attorneys from seeking, or judges from issuing, such relief where appropriate. Nevertheless, when such relief is sought, the basic safeguards provided by Trial Rule 65(B) are essential to due process and must be followed.

In sum, while Respondent's intentions regarding the welfare of her clients' grandchild may have been good, they did not justify dispensing with the mandatory procedures designed to protect the rights of other parties with legal interests at stake in the proceeding. *See* Anonymous, 729 N.E.2d at 569. For Respondent's misconduct in this case, we agree with the parties that a private reprimand is warranted.

---

[2] Judges have a similar ethical obligation and likewise must ensure compliance with Trial Rule 65(B). Ind. Judicial Conduct Rule 2.9(A); Matter of Kern, 774 N.E.2d 878 (Ind. 2002); Matter of Jacobi, 715 N.E.2d 873 (Ind. 1999).

## Conclusion

The Court concludes that Respondent violated Professional Conduct Rule 3.5(b) by communicating *ex parte* with a judge without authorization to do so. The agreement submitted by Respondent and the Commission to resolve this case will be accepted by separate order, and Respondent will be privately reprimanded. The costs of this proceeding are assessed against Respondent.

All Justices concur.