2010 WY 131
BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner,
v.
ROBERT WILLIS INGRAM, WSB Attorney No. 6-3831, Respondent.
No. D-10-0003.
Supreme Court of Wyoming. April Term, A.D. 2010.
September 29, 2010.

ORDER SUSPENDING ATTORNEY FROM THE PRACTICE OF LAW
MARILYN S. KITE, Chief Justice.
[¶ 1] This matter came before the Court upon a "Report and Recommendation for Discipline," filed herein August 13, 2010, by the Board of Professional Responsibility for the Wyoming State Bar. After a careful review of the Board of Professional Responsibility's Report and Recommendation, the materials attached thereto, and the file, this Court finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that the Respondent, Robert Willis Ingram, should be suspended from the practice of law for a period of eighteen months. It is, therefore,
[¶ 2] ADJUDGED AND ORDERED that the Board of Professional Responsibility's Report and Recommendation for Discipline, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further
[¶ 3] ADJUDGED AND ORDERED that, as a result of the conduct set forth in the Report and Recommendation. Respondent Robert Willis Ingram shall be, and hereby is, suspended from the practice of law for a period of eighteen months from the date of this order; and it is further
[¶ 4] ORDERED that Respondent shall comply with Section 22 of the Disciplinary Code for the Wyoming State Bar. That Section governs duties of disbarred and suspended attorneys; and it is further.
[¶ 5] ORDERED that Robert Willis Ingram shall reimburse the Wyoming State Bar the amount of $903.54, representing the costs incurred in handling this matter, as well as pay an administrative fee of $500.00, by paying the amount of $1,403.54 to the Clerk of the Board of Professional Responsibility, on or before November 8, 2010; and it is further
[¶ 6] ORDERED that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Report and Recommendation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further
[¶ 7] ORDERED that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Report and Recommendation, as a matter coming regularly before this Court as a public record; and it is further
[¶ 8] ORDERED that the Clerk of this Court transmit a copy of this Order Suspending Attorney from the Practice of Law to the members of the Board of Professional Responsibility and to the clerks of the appropriate courts of the State of Wyoming.
 BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY
 WYOMING STATE BAR
 STATE OF WYOMING
In the matter of )
ROBERT WILLIS INGRAM )
WSB Attorney No. 6-3831 ) Docket No. 2009-132
Respondent. )

REPORT AND RECOMMENDATION I OR DISCIPLINE
This mailer having come before the Board of Professional Responsibility for a disciplinary hearing held on June 30th, 2010, and continued to July 19th, 2010, pursuant lo Section 19 of the Disciplinary Code for the Wyoming Slate Bar. The Wyoming State Bar was represented by Rebecca A. Lewis. The Respondent Robert Willis Ingram was present and represented by Terry W. Mackey. The following members of the Board of Professional Responsibility were present: Rex O. Arney. Joseph B. Bluemel, Jenifer Scoggin. Ann Robinson, Katherine H. Tomassi. Francis E. Stevens. Chairman, conducted the hearings The Board of Professional Responsibility makes the following Report and Recommendation, with its Findings of Fact, Conclusions of Law, and Recommendation to the Supreme Court of Wyoming:

FINDINGS OF FACT
1. Respondent. Robert W. Ingrain, is an active member of the Wyoming State Bar and has been since February of 2005. He currently maintains his private practice out of his office in Colorado.
2. The Respondent appeared before the Honorable John Brooks. Second Judicial District Court. Stale of Wyoming, #CR-2009-7649, State of Wyoming v. Robert Willis Ingram on January 28, 2010. The Respondent entered a plea of guilty to the charge of Aiding and Abetting Delivery of a Controlled Substance, a felony, in violation of W.S. 1977, as amended, §35-7-1031 (a)(ii): §35-7-1036(b)and §6-1-201. On March 10, 2010. Judge John Brooks entered an "Order Upon Sentencing Hearing", deterring further proceedings without entering a judgment of guilt or conviction pursuant to W.S. 1977, as revised, § 7-13-301. et. seq. Pursuant to said Order, the Respondent was placed on one (1) to five (5) years supervised probation upon terms and conditions set forth in said Order. (Exhibit "A" )
3. The facts surrounding the events which resulted in the charges and plea involved the Respondent, his wife and a confidential informant. The Respondent was a participant in communications arranging for and resulting in the delivery of a controlled substance, commonly known as "eestacy" lo the confidential informant on or about January 16 and 17, 2009. That delivery occurred within 500 feet of the boundaries of property used by a school district. (Exhibit "B" Transcript pages 11-15 and testimony of the Respondent at Hearing.)
4. Rule 8.4 (b) to the Wyoming Rules of Processional Conduct states: "It is professional misconduct for a lawyer to: * * * * (b) commit a criminal act that reflects adversely on the lawyers' honesty, trustworthiness or fitness as a lawyer in other respects."
5. It has been proved by clear and convincing evidence that the Respondent violated Rule 8.4 (b) of the Wyoming Rules of Professional Conduct by actively engaging in an act or acts that were criminal conduct which was the basis for the charges described in Finding I., the basis for his plea of guilty and the resultant court order.

CONCLUSIONS OF LAW
1. Rule 8.4 (b) of Wyoming Rules of Professional Conduct slates: "It is professional misconduct for a lawyer to: * * * * (b) commit a criminal act that reflects adversely on the lawyers' honesty, trustworthiness or fitness as a lawyer in other respects."
2. Standard 5.1 of ABA Standards for Imposing Lawyer Sanctions discusses the range of sanctions applicable to violations of Rule 8.4 (b). The Disciplinary Code to for the Wyoming State Bar Section 3(y) defines "serious crime" as (i) "any felony".
3. ABA Standards for Imposing Lawyer Sanctions. Standard 5.11 (a) provides that disbarment is "generally appropriate" when a lawyer engages in: * * * * "the sale, distribution, or importation of controlled substances:" Standard 5.12 provides that suspension is "generally appropriate" when a lawyer engages in criminal conduct which does not contain the elements contained in Standard 5.11 and that seriously adversely affects the lawyer's fitness to practice."
4. ABA Standards for Imposing lawyer Sanctions. Standard 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction.
a. Applicable aggravating factors in this case are:
i. Section 9.22 (g) Respondent's refusal to admit his conduct was a violation oft he Rules of Professional Conduct, although he admitted to the offense and pled guilty before the District Court:
ii. Section 9.22 (k.) illegal conduct.
iii. Section 9.22(k.) The Respondent's conduct was aiding and abetting in the illegal delivery of a controlled substance that occurred within 500 feel of the boundaries of property used by a school district.
b. Mitigating factors in this case are:
i. Section 9.32 (a.) no prior disciplinary record:
ii. Section 9.32(k.) imposition of other penalties; The Respondent will be on supervised probation for a period of one (1) to live (5) years.

RECOMMENDATION TO HIE SUPREME COURT OK WYOMING
As an appropriate sanction for Respondent's violation of Rule 8.4(b) of the Wyoming Rules of Professional Conduct, the Hoard of Professional Responsibility recommends that the Respondent:
1. Be suspended from the practice of law for the period of eighteen (IS) months and comply with requirements of Section 22 of the Disciplinary Code for the Wyoming Stale Bar.
2. Pay costs including the cost of the hearing in the amount of $903.54, as set forth in the affidavit of Patricia F. Becklinger, Clerk of the Board of Professional Responsibility, and attached hereto, no later than X November 2010.
3. Pay the administrative fees of $500.00 no later than 8 November 2010.
This decision regarding the violation of the Wyoming Rules of Professional Conduct noted above is unanimously made by a quorum of the Board of Professional Responsibility.
 DATED this 9th day of August 2010.

CERTIFICATE OF SERVICE
I. do hereby certify that a true and correct copy of the Report and Recommendation For Discipline was sent by e-mail and mailed by United States Mail, postage prepaid, on this 9th day of August 2010 to the following individual:
 Terry W. Mackcy, Respondent Counsel
 Terry W. Mackcy, PC
 314 Last 21* Street
 Cheyenne, WY 82001
and a copy was sent by e-mail and hand delivered to:
 Rebecca A. Lewis. Bar Counsel
 Wyoming State Bar
 P.O. Box 109
 Cheyenne. WY 82003.

 AFFIDAVIT OF PATRICIA F. BECKLINGER
 STATE OF WYOMING )
 )
 COUNTY OF LARAMIE )
PATRICIA F. BECKLINGER, being first duly sworn, upon oath, deposes and states as follows:
1. I am and was at all times relevant to this action as Clerk of the Board of Professional Responsibility. As such I am custodian of all disciplinary tiles. I also track of all costs incurred in all disciplinary matters.
2. The costs in No. 2009-132 are $903.54. Costs cover copying, postage. BPR hearing teleconferences and court reporting costs. The details of the costs are attached hereto as Exhibit A.
 FURTHER AFFIANT SAITH NOT.
 Dated this 9th day of August 2010.
 ____________________________
 Patricia F. Becklinger. Clerk
 Board of Professional Responsibility
Subscribed, sworn to, and acknowledged before me by Patricia F. Becklinger this 9th day of August 2010. Witness my hand and official seal. My commission expires:

 EXHIBIT A
 COST DETAILS
 Robert W. Ingram
 File No. 2009-132
 Copies @.50 ea) & Postage:
 3/22/10 64 pages $32.00
 Postage $1.05
 4/19/10 11 Pages $5.50
 Postage $1.22
 4/21/10 6 pages $5.50
 Postage (certitied) $6.32
 5/27/10 6 pages $3.00
 Postage $.44
 6/1/10 2 pages $1.00
 Postage $.44
 6/14/10 2 pages $1.00
 Postage $.44
 7/13/10 1 page $.50
 Postage $.44
 Total: $58.85
 BPR Teleconference Costs:
 6/30/10 $63.36
 7/19/10 $47.73
 Total: $110.09
 Wyoming Reporting Services (hearings):
 6/30/10 $528.80
 7/19/10 $205.80
 Total: $734.60
 TOTAL COSTS: $903.54