2012 OK 7

**In the Matter of the Application for RE-INSTATEMENT OF Gina Ann COWLEY, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

SCBD No. 5724.

Supreme Court of Oklahoma.

Jan. 31, 2012.

Gina L. Hendryx, General Counsel, Oklahoma City, for the Oklahoma Bar Association, Respondent.

Sheila J. Naifeh, Tulsa, Oklahoma, for the Petitioner.

WINCHESTER, J.

¶ 1 On December 14, 2004, the Court approved Petitioner's resignation pending disciplinary proceedings. At the time, nine grievances had been lodged with the Oklahoma Bar Association, all of the same general nature: Petitioner received a retainer, either from a Department of Corrections inmate or on their behalf, to initiate post-conviction actions. In each case, the client alleged abandonment and failure of Petitioner to fulfill her duties as counsel. These grievances resulted in funds being expended from the Clients' Security Fund.

¶ 2 At the time of her resignation, Petitioner did not file an Affidavit stating her clients had been notified of her resignation pursuant to Rule 9.1 of the *Rules Governing Disciplinary Proceedings*. Instead, Petitioner filed the Affidavit concurrently with her Petition for Reinstatement on February 22, 2011—six years late. This Affidavit stated that she "did attempt to the best of [her] ability to arrange for the substitution of counsel therein ...; or was withdrawn by the Court ..." In *Matter of the Reinstatement of Elias*, 1988 OK 86, ¶ 14, 759 P.2d 1021, 1025, the Court determined that fulfilling the intent of the rule to protect the interests of clients was an adequate demonstration of substantial compliance.

¶ 3 Along with her Petition for Reinstatement, Ms. Cowley attached Affidavits from the Court Clerks of McIntosh, Muskogee, Tulsa and Creek Counties stating she had not engaged in the practice of law since her resignation. The Court notes that she exercised sound judgment in refraining from client contact while employed as a legal researcher. Ms. Cowley complied with the requirement of disclosing activities and places of residence since resignation.

¶ 4 Reimbursement of the Clients' Security Fund is a condition of reinstatement. On May 25, 2011, the Oklahoma Bar Association received a restitution payment that reimbursed the Clients' Security Fund in full for funds disbursed on behalf of Ms. Cowley.

¶ 5 Ms. Cowley waited longer than the required five years following a resignation pending disciplinary proceedings before applying for reinstatement to the Oklahoma Bar Association.

## JURISDICTION AND STANDARD OF REVIEW

¶ 6 This Court exercises its constitutional duty to regulate the practice of law and the ethics, licensure and discipline of attorneys. *Matter of Reinstatement of Munson*, 2010 OK 27, ¶ 11, 236 P.3d 96, 100. The Court's review is de novo and is not bound by the findings of fact or the recommendation of the Trial Panel. Under Rule 11.4, RGDP, an applicant for reinstatement must show affirmatively that, if reinstatement is granted, his or her conduct will conform to the high standards required of a member of the Bar. The applicant is required to show by clear and convincing evidence stronger proof of qualifications than a first-time applicant. The proof presented must be sufficient to over-

come this Court's former judgment adverse to the applicant.

## FACTUAL SUMMARY AND EVIDENCE

¶ 7 In the hearing before the Trial Panel, Ms. Cowley testified that prior to her resignation she was working as a solo practitioner handling criminal cases. When Ms. Cowley passed the bar exam, she was working for Paul Brunton and had been employed with his firm about eleven years, first as a secretary, then as a legal intern and upon passage of the bar as an attorney. Within months of her being sworn in, Mr. Brunton was appointed as Federal Defender by the 10th Circuit Court of Appeals. When this happened, she took over Brunton's practice, assuming not only his client list, but also the firm's monthly lease of $1300.

¶ 8 Though Ms. Cowley was well versed in criminal law, she had no practical experience related to managing the business aspect of a law firm. Ms. Cowley testified that she accepted all court-appointment requests and never submitted vouchers to be reimbursed for that time. "... I just kind of felt like that was my contribution or my pro bono." Ms. Cowley also testified that she often conducted her jail visits at night, after her children were in bed, in an attempt to squeeze more hours into each day.

¶ 9 Before long, Ms. Cowley had taken on too many clients overextending herself both emotionally and physically. It appears that she set extremely high standards, pushing herself far beyond what any one person could handle. Ms. Cowley reached an acute level of stress by 2004 when she began receiving notice of bar complaints. Rather than addressing the issues, Ms. Cowley testified that she put the complaints in a drawer and refused to deal with them.

¶ 10 Yet, Ms. Cowley continued to push herself. Just a few weeks before tendering her resignation, she drove to Denver to present oral argument in a case reassigned to her by the Tenth Circuit.

¶ 11 In her testimony, Ms. Cowley discussed the reasons she waited more than five years to file for reinstatement, saying that she wanted to make sure she was ready and that she could handle herself being able to say no to clients. It is apparent Ms. Cowley realizes that agreeing to take on more than she could manage was a dominant factor in the events precipitating her resignation. Ms. Cowley testified that she has taken steps to avoid placing herself in similar circumstances by not engaging in criminal defense work and managing her time.

¶ 12 Subsequent to her petition for reinstatement, Ms. Cowley reimbursed the Client Security funds for monies disbursed on her behalf. Testimony before the Professional Responsibility Tribunal reveals that these expenditures were the results of fees collected by Ms. Cowley, who then failed to perform the work she had been compensated for. None of the expenditures result from commingling of funds or invasion of client trust accounts.

## STRONGER PROOF OF QUALIFICATION REQUIRED

¶ 13 Rule 11.4, RGDP, requires an applicant seeking reinstatement "to present stronger proof of qualifications than one seeking admission for the first time." This proof must also be sufficient to overcome the Court's former judgment adverse to the applicant. This Court has established eight factors in determining fitness for reinstatement: 1) moral fitness, 2) demonstrated consciousness of the conduct's wrongfulness, 3) rehabilitation, 4) seriousness of the original offense, 5) conduct after resignation, 6) time elapsed, 7) character, maturity and experience at the time of resignation, and 8) present legal competence. *In Re: Reinstatement of Massey*, 2006 OK 21, ¶ 12, 136 P.3d 610, 614.

¶ 14 Based on testimony and letters submitted into evidence presented, the Petitioner has established her moral fitness. In her testimony, Ms. Cowley demonstrated extreme remorse, particularly for the clients she "left hanging" when she resigned. Ms. Cowley also expressed the desire to assist the Bar Association by sharing her experience with other young attorneys, illustrating further evidence of her rehabilitation.

¶ 15 While an attorney failing to fulfill her obligation as counsel and missing court dates is not to be taken lightly, it is clear that the Ms. Cowley did not willfully defraud or intentionally harm her clients in any way. Indeed, if the original charges against the her had proceeded through disciplinary proceedings, it is doubtful the punishment would have risen to the level of disbarment. *State ex rel. Oklahoma Bar Association v. Whitebook*, 2010 OK 72, 242 P.3d 517 and *State ex rel. Oklahoma Bar Association v. Beasley*, 2006 OK 49, 142 P.3d 410.

¶ 16 The evidence proves that Ms. Cowley used sound judgment in her activities following resignation. She exercised caution in avoiding situations that could have been perceived as the unauthorized practice of law. She has also worked to remain current in her knowledge of the law, earning 62.5 CLE credits since 2005. Ms. Cowley's youth and lack of experience in balancing a law practice appear to have contributed greatly to the factors leading to her resignation. Her work in the areas of legal research and writing illustrate Ms. Cowley's present legal competence.

## CONCLUSION

¶ 17 Ms. Cowley has met her burden of proof, showing by clear and convincing evidence that she has fully complied with the requirements of Rule 11, RGDP. Petition for reinstatement is granted. The Bar has filed an application for the costs of this proceeding as allowed by Rule 11.1(c), RGDP, in the amount of $1,160.31. The Petitioner is ordered to pay these costs within ninety days of the date of this opinion.

PETITION FOR REINSTATEMENT GRANTED; COSTS ASSESSED.

CONCUR: COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, GURICH, JJ.

DISSENT: TAYLOR, C.J., COMBS, J.