2012 WY 27

**BOARD OF PROFESSIONAL RE-
SPONSIBILITY, WYOMING
STATE BAR, Petitioner,**

v.

**Robert Willis INGRAM, WSB Attorney
No. 6–3831, Respondent.**

**No. D–10–0003.**

Supreme Court of Wyoming.

Feb. 23, 2012.

**ORDER REINSTATING ATTORNEY
TO THE PRACTICE OF LAW**

[¶ 1] **This matter** came before the Court upon the "Report and Recommendation for Reinstatement," filed herein February 9, 2012, by the Board of Professional Responsibility for the Wyoming State Bar. On September 29, 2010, this Court suspended Respondent from the practice of law for a period of 18 months. *Board of Professional Responsibility, Wyoming State Bar v. Ingram,* 2010 WY 131, 239 P.3d 647 (Wyo.2010). Now, after a careful review of the Board of Professional Responsibility's Report and Recommendation for Reinstatement, and the file, this Court finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that the Respondent, Robert

Willis Ingram, should be reinstated to the practice of law. It is, therefore.

[¶ 2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Reinstatement, which is attached hereto and incorporated herein (without attachments), shall be, and the same hereby is, approved, confirmed and adopted by this Court; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that the Respondent, Robert Willis Ingram, be, and hereby is, reinstated to the practice of law, effective immediately; and it is further

[¶ 4] **ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 5] **ORDERED** that the Clerk of this Court shall docket this Order Reinstating Attorney to the Practice of Law, along with the incorporated Report and Recommendation for Reinstatement, as a matter coming regularly before this Court as a public record; and it is further

[¶ 6] **ORDERED** that the Clerk of this Court transmit a copy of this Order Reinstating Attorney to the Practice of Law to the members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

[¶ 7] **DATED** this 23rd day of February, 2012.

**BY THE COURT:**

/s/ Marilyn S. Kite
Chief Justice

Attachment

BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

WYOMING STATE BAR

STATE OF WYOMING

In the matter of ROBERT WILLIS INGRAM, WSB Attorney No. 6–3831, Respondent

WSB Docket No. 2009–132

*REPORT AND RECOMMENDATION FOR REINSTATEMENT*

This matter came before the Board of Professional Responsibility upon a Petition for Reinstatement that was filed by Respondent and a hearing was held thereon on January 31, 2012 pursuant to Section 24(g) of the Disciplinary Code for the Wyoming State Bar (the "Code"). The Wyoming State Bar was represented by Mark W. Gifford, Bar Counsel. Respondent Robert Willis Ingram was present and represented by Terry W. Mackey. The hearing was held telephonically with due notice having been given to the Respondent that an in person hearing would be available if the Respondent preferred. The following members of the Board of Professional Responsibility were present: Joseph B. Bluemel; Rex O. Arney; Douglas J. Mason; Jaime Hornecker and Thomas J. Frisbie. The Board of Professional Responsibility makes the following Report and Recommendation, with its Findings of Fact, Conclusions of Law, and Recommendation to the Supreme Court of Wyoming:

**FINDINGS OF FACT**

1. Respondent was suspended from the practice of law by the Wyoming Supreme Court on September 29, 2010 for a period of 18 months from the date of the Order Suspending Attorney From the Practice of Law, 2010 WY 131 [239 P.3d 647].

2. On December 29, 2011, Respondent filed a Petition for Reinstatement before the Board of Professional Responsibility, Wyoming State Bar, State of Wyoming no sooner than ninety (90) days prior to the expiration of the period specified in the order of suspension pursuant to Section 24(b) of the Code.

3. The Respondent, his Counsel, and Bar Counsel all consented and agreed to the telephonic hearing proceeding without a need for an in person hearing before the Board of Professional Responsibility. The telephonic hearing was held at the offices of the Wyoming State Bar, at which Respondent was present, repre-

sented by his counsel on January 31, 2012. Exhibits were received as is shown in the record and the Respondent and three witnesses presented testimony.

4. Respondent proved by clear and convincing evidence that he has been rehabilitated, as required by Section 24(g)(i) of the Code.

5. Respondent proved by clear and convincing evidence that he has substantially complied with all requirements imposed by the Court as required by Section 24(g)(ii) of the Code.

(a) Although the Board of Professional Responsibility could find no evidence in the record that Respondent timely filed the affidavit required by Section 22(f) of the Code, the Board did find by clear and convincing evidence that in the months preceding his suspension from the practice of law, Respondent had concluded his practice of law and completed all matters in which he was involved on behalf of clients or transferred said matters to other attorneys to represent any clients Respondent had previously been representing.

(b) Respondent testified that he had attempted to file an affidavit in accordance with Section 22(f) of the Code, although he failed to comply with the requirement that such affidavit be sent by registered or certified mail, return receipt requested to the Wyoming Supreme Court or the Wyoming State Bar and he failed to maintain records of the steps taken to comply with the rule pursuant to Section 22(g) of the Code.

(c) Respondent proved by clear and convincing evidence that he had no clients, nor were there any co-counsel or counsel for adverse parties, courts or administrative bodies upon whom service of such affidavit would be required.

(d) Respondent proved by clear and convincing evidence that he believed he had mailed such an affidavit to the Wyoming State Bar.

(e) Respondent proved by clear and convincing evidence that he had substantially complied with all other orders of the Court set forth in the Order Suspending Attorney from the Practice of Law dated September 29, 2010.

6. Respondent proved by clear and convincing evidence that he has the character and fitness qualifications to practice law in this state as outlined in Section IV of the Wyoming Rules and Procedures Governing Admission to the Practice of Law.

7. Respondent proved by clear and convincing evidence that he is competent to practice law in this state as required by Section 24(g)(iv) of the Code.

8. Respondent proved by clear and convincing evidence that his resumption of the practice of law would not be detrimental to the administration of justice, or the public interest as required by Section 24(g)(v) of the Code.

## CONCLUSIONS OF LAW

1. Rule 24(g) Disciplinary Code for the Wyoming State Bar sets forth the requirements for reinstatement to the Wyoming State Bar following suspension of an attorney from the practice of law by the Wyoming Supreme Court as follows:
" * * * at the hearing, the suspended * * * attorney shall have the burden of proving by clear and convincing evidence the following:

(i) The respondent has been rehabilitated;

(ii) The respondent has substantially complied with all requirements imposed by the court;

(iii) The respondent has the character and fitness qualifications to practice law in this state as outlined in Section IV of the Wyoming Rules and Procedures Governing Admission to the Practice of Law;

(iv) The respondent is competent to practice law in this state;

(v) The respondent's resumption of the practice of law shall not be detrimental to the administration of justice and the public interest."

2. Although Respondent did not strictly comply with the requirements of Section 22 of the Code, his actions undertaken prior to his suspension to conclude his practice of law, and his mailing of an affidavit to the Wyoming State Bar, although not received by the bar, was sufficient to demonstrate by clear and convincing evidence substantial compliance with orders of the Court as required by Section 24(g)(ii) of the Code.

3. No prejudice resulted to any client, attorney, or court as a result of the failure to strictly comply with the requirements of Section 22 of the Code. See: *In re Pace,* 699 So.2d 593 (Miss. 1997); *In re Whitworth,* 2011 OK 79 [261 P.3d 1173] (decided September 20, 2011); *In re Cowley,* 2012 OK 7 [272 P.3d 717] (decided January 31, 2012); *In re Elias,* 759 P.2d 1021, 1025 (Okla.1988); *Comm. on Prof'l Ethics & Conduct v. Rauch,* 508 N.W.2d 628 (Iowa 1993).

**RECOMMENDATION TO THE SUPREME COURT OF WYOMING**

For the foregoing reasons, the Board of Professional Responsibility recommends that Respondent be reinstated to the practice of law.

DATED this *2nd* day of February, 2012.

/s/ Joseph B. Bluemel

Joseph B. Bluemel, Vice Chair

Board of Professional Responsibility