IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 27, 2019

## LAURIE ELIZABETH LEE v. BRYAN MITCHELL LEE

**Appeal from the Chancery Court for Knox County**
**No. 191643-2       Clarence E. Pridemore, Jr., Chancellor**

_____

### No. E2019-00538-COA-T10B-CV

_____

This accelerated interlocutory appeal follows the denial of a motion to recuse. The party seeking recusal claimed that an in-limine motion was granted after an ex parte communication between the chancellor and the counsel moving in limine. Additionally, the party claimed that the court showed partiality by not granting a continuance of the hearing on the in-limine motion when her counsel was unable to attend due to illness. We affirm the denial of the recusal request.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Jason S. Randolph, Dandridge, Tennessee, for the appellant, Laurie Elizabeth Lee.

**OPINION**

In the Chancery Court for Knox County, Tennessee, Laurie Elizabeth Lee petitioned to modify a permanent parenting plan. The chancery court set the matter for a December 5, 2018 trial. Two weeks prior to the trial, the father, Bryan Mitchell Lee, filed an in-limine motion, which was also set for December 5. The in-limine motion was not included with the petition for recusal appeal.

On December 4, Ms. Lee's counsel, Jason Randolph, fell "ill with a severe stomach virus which had ravaged Jefferson County." Mr. Randolph much later explained that he "was stricken with the Mother of all viruses rendering him unable to move due to cramping and pain" and that he "was unable to concoct a pleading and simply texted his

assistant to make the urgent notification." On the afternoon of December 4, the chancery court received the urgent notification, a facsimile from Mr. Randolph's assistant advising the court that Mr. Randolph was ill and was unable to appear in court the next day. The facsimile was also not included with the petition for recusal appeal.

The following day the chancery court continued the trial on the petition to modify to January 31, 2019. But the court heard the in-limine motion. Based upon, among other things, "the argument of counsel," the court granted the in-limine motion and "barred [Ms. Lee] from calling any witnesses to testify at the trial . . . other than herself." The court also awarded Mr. Lee costs and attorney's fees, leaving the determination of the proper amount until trial. In its order entered on December 18, 2018, the court acknowledged the facsimile from Mr. Randolph's assistant but noted that "no formal request or Motion for Continuance of the trial date was made by [Ms. Lee] or her counsel[] and both [Ms. Lee] and her counsel failed to attend court on the trial date without seeking leave of court to do so."

On January 31, the trial did not take place as scheduled. Apparently, Mr. Randolph "had a series of juries to prepare for," so the court reset the trial for Tuesday, March 5, 2019.

On Friday, March 1, Ms. Lee moved to recuse the chancellor. As grounds, the motion cited the court's order granting the in-limine motion. From the order, Ms. Lee concluded that "[e]vidently, Father's counsel appeared [at the hearing] and had Exparte Communication which resulted in an Order being issued" because the order stated it was based upon "the argument of counsel." The motion went on that, "by having Exparte Communication and hearing [sic] without hearing all witnesses and facts," the court "failed to consider all of the facts." According to Ms. Lee, "[t]he failure of the Court to allow the case to be heard completely before making a ruling shows a lack of impartiality and impairs the fairness of the matter pending before the Court."

Ms. Lee also faulted the court for not treating the facsimile of Mr. Randolph's assistant as a request for a continuance of the hearing. Describing the court's requirement of a motion for continuance "when illness strikes suddenly" as "draconian," Ms. Lee submitted that "[i]t [wa]s obvious the Court had appeared and acted partially in this case to my . . . prejudice."

The chancery court denied the recusal request. The court acknowledged that counsel for Mr. Lee appeared at the hearing on the in-limine motion and argued in the absence of both Ms. Lee and her counsel. But the court did not consider argument in open court ex parte communication. The court also again acknowledged the letter sent from Mr. Randolph's office the day prior to the hearing. But it noted that no motion to continue was filed and that there was no agreement between the parties to continue the motion hearing or the trial.

2

As is her right, Ms. Lee seeks accelerated, interlocutory review of the denial of the motion to recuse. *See* TENN. SUP. CT. R. 10B, § 2.01. She frames the issue on appeal in the following manner: "Whether the Trial Court erred in not recusing himself after holding a hearing without Appellant or her attorney present." *See id.* § 2.03(a) (requiring a petition for recusal appeal to contain a statement of the issues for review).

## II.

### A.

Rule 10B of the Rules of the Supreme Court of Tennessee governs the procedure for "determin[ing] whether a judge should preside over a case." TENN. SUP. CT. R. 10B. In an accelerated interlocutory appeal, our review is limited to the trial court's ruling on the motion for disqualification or recusal. *See id.* § 2.01; *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("[T]he only order we may review is the trial court's order that denies a motion to recuse."). We review a trial judge's ruling on a motion to recuse de novo. TENN. SUP. CT. R. 10B § 2.01.

In an accelerated interlocutory appeal, we may request an answer from the other parties and briefing. *Id.* § 2.05. We may also set oral argument. *See id.* § 2.06. After a review of Ms. Lee's petition for recusal appeal and supporting documents, we have determined that an answer, additional briefing, and oral argument are unnecessary. Thus, we act summarily on the appeal. *See id.* § 2.05.

### B.

In Tennessee, litigants "have a fundamental right to a 'fair trial before an impartial tribunal.'" *Holsclaw v. Ivy Hall Nursing Home, Inc.*, 530 S.W.3d 65, 69 (Tenn. 2017) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see also* TENN. CONST. art. VI, § 11. Under the Code of Judicial Conduct, a judge must "disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." TENN. SUP. CT. R. 10, Rule 2.11(A). "[T]he test for recusal is an objective one . . . ." *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008). Recusal is required "when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). The decision to recuse is vested in the judge's discretion.[1] *State v. Hester*, 324 S.W.3d 1, 72 (Tenn. 2010).

---

[1] Ms. Lee does not argue that recusal was mandatory under either Article 6, Section 11 of the Tennessee Constitution or Tennessee Code Annotated § 17-2-101 (2009). *See Hester*, 324 S.W.3d at 72.

To seek disqualification or recusal, a party must come forward with some evidence that would give a person of ordinary prudence in the judge's position a reasonable basis for questioning the judge's impartiality. *See* TENN. SUP. CT. R. 10B § 1.01 (requiring motions seeking disqualification or recusal to be supported by an affidavit or declaration "and by other appropriate materials"); *Davis v. Tenn. Dep't of Emp't Sec.*, 23 S.W.3d 304, 313-14 (Tenn. Ct. App. 1999) (on petition for rehearing). Ms. Lee came forward with her own affidavit and the chancery court's order granting the in-limine motion. But neither piece of "evidence" supplied a basis for questioning the chancellor's impartiality.

Affidavits supporting motions to recuse must be "under oath" and "on personal knowledge." TENN. SUP. CT. R. 10B § 1.01. Ms. Lee's affidavit nominally complies with Supreme Court Rule 10B. It is executed under oath. And the personal knowledge requirement is perhaps satisfied in the sense that the affidavit may describe Ms. Lee's actual feelings, beliefs, and motivations.

As evidence of impartiality, however, the affidavit is thin gruel. It consists of four short paragraphs, only the last of which is longer than a single sentence. The first paragraph of the affidavit provides "[t]hat during the hearing of December 5, 2018, my counsel was sick and could not appear and the [Chancery] Court had communication with Counsel for the Father and the father outside of our presence." Ms. Lee does not take the trouble to explain how she had personal knowledge of the facts asserted in the first paragraph of her affidavit. So we decline to treat the statement as competent evidence of anything. In the second paragraph of her affidavit, Ms. Lee expresses her feeling that she was not given a fair and impartial hearing and that she was prejudiced by not contesting the in-limine motion at the hearing. In the third paragraph, Ms. Lee shares her belief that the chancellor should recuse himself because his actions violated various canons of the Code of Judicial Conduct. *See* TENN. SUP. CT. R. 10. Finally, the last paragraph of the affidavit includes the assertion that the motion to recuse is not being offered for any improper purpose and a request that the chancellor recuse himself. *See* TENN. SUP. CT. R. 10B § 1.01 (requiring a motion seeking disqualification or recusal to "affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation").

The order granting the in-limine motion also does not evidence partiality. The order does reference that the hearing on the in-limine motion took place on December 5, 2018, despite the facsimile from Mr. Randolph's assistant. And, as Ms. Lee points out, the order also reflects that Mr. Lee and his counsel appeared at the hearing and that the motion was granted after the argument of counsel. From those references, Ms. Lee submits that the chancellor must have engaged in ex parte communications. Under Rule 2.9 of the Code of Judicial Conduct, except in certain limited circumstances, "[a] judge shall not initiate, permit, or consider ex parte communications, or consider other

4

communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter." TENN. SUP. CT. R. 10, Rule 2.9(A).

We disagree with Ms. Lee's characterization of the hearing or the arguments of counsel as ex parte. Ex parte typically means without involvement or knowledge of all the parties. *See Ex parte*, BLACK'S LAW DICTIONARY (10th ed. 2014). In denying the motion to recuse, the chancery court specifically found that Ms. Lee had notice of the hearing on the in-limine motion. And Ms. Lee has made no assertion that she was not provided the opportunity to be heard or that any communications by Mr. Lee or his counsel to the court were outside the record. *In re Anonymous*, 729 N.E.2d 566, 567-68 (Ind. 2000) ("A communication is ex parte if made by a party outside the record without giving other parties notice or an opportunity to contest."); *see also Ex parte proceeding*, BLACK'S LAW DICTIONARY. Ms. Lee's complaint is that her opportunity to be heard was lost when her counsel fell ill.

Finally, Ms. Lee submits that the fact that the hearing on the in-limine motion took place at all "shows a lack of impartiality." By not continuing the hearing on the motion along with the trial, she claims the court acted without hearing all the witnesses and considering all the facts. As our supreme court explained, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." *Cannon*, 254 S.W.3d at 308. That is true "even if [the adverse rulings are] erroneous, numerous and continuous"; there must be something more to justify recusal. *Alley*, 882 S.W.2d at 821; *see also Cannon*, 254 S.W.3d at 308. Here, Ms. Lee failed to establish the "something more," beyond the denial of the continuance, necessary to justify recusal.

### III.

Ms. Lee failed to come forward with any evidence that would give a person of ordinary prudence in the chancellor's position a reasonable basis for questioning the chancellor's impartiality. Thus, we affirm the denial of the motion to recuse.[2]

_____

W. NEAL MCBRAYER, JUDGE

---

[2] Because our review is limited to the ruling on the motion for recusal, we offer no opinion on the propriety of either the hearing on or the grant of the in-limine motion. *See* TENN. SUP. CT. R. 10B, Rule § 2.01.

5